STATE OF MISSOURI, Respondent, v. FRANK HUSSEY, Appellant.

St. Louis Court of Appeals, November 30, 1909.

1. CRIMINAL LAW: Former Jeopardy: Acquittal. A prosecution for assaulting a police officer at a police station after accused was arrested is not barred by his acquittal of charges of assault on the same officer, while, at a different place on the same date, he was endeavoring to arrest accused and another.

2. ———: Plea in Abatement: Previous Indictment for Same Assault Nolle Prossed. Where a *nolle prosequi* had been entered on an indictment for a felonious assault, there was no error in overruling a plea of such indictment in abatement to an information for the same assault charged as a misdemeanor.

Appeal from St. Louis Court of Criminal Correction.— *Hon. D. D. Fisher,* Judge.

AFFIRMED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

*Phillips W. Moss* for respondent.

GOODE, J.—This defendant was convicted and fined for an assault on a police officer on June 10, 1907. The name of the officer assaulted was Joplin. The only points raised on the appeal are that the court erred in overruling a plea in abatement and a plea of *res judicata.* A fight had occurred at the corner of Olive street and Jefferson avenue in the city of St. Louis, on the evening of the date mentioned, in which defendant and a man named Daley were involved. Joplin and another officer by the name of Dundon, attempted to arrest Daley and defendant, were resisted, and defendant struck Joplin; or whether he did or not, the occurrence

led to two charges being preferred against him before a police judge of the city of St. Louis, in one of which he was accused of resisting Joplin to prevent him from arresting Daley and willfully interfering and striking the officer, and in the other was accused of resisting Joplin and interfering with and striking him while Joplin was attempting to arrest defendant. Defendant was tried and acquitted of these two alleged offenses and pleaded the judgments of acquittal in bar of the present proceeding. The plea would have been a good one if the offense charged in the present case had grown out of the same occurrence as the offenses charged in the other cases. But in point of fact the information in the present case was for an assault and battery committed on Joplin, not at the corner of Olive street and Jefferson avenue, but at a police station on Manchester avenue, and after defendant had been arrested, taken to that station house and turned over to another policeman. It was a distinct and independent assault and not connected with either of those charged to have occurred while Joplin was endeavoring to arrest defendant or Daley. The evidence heard on the plea of *res judicata* proved this conclusively.

It is also insisted the court erred in overruling a plea in abatement filed by defendant on the ground that he had been indicted for the crime of felonious assault, for perpetrating the same assault, which was charged as a misdemeanor in the information under which he was convicted in the present case. But a judgment of *nolle prosequi* had been entered on the indictment for felonious assault, and the defendant discharged, on July 25th, some time prior to the date the plea in abatement was filed. There is no merit in the errors assigned on the appeal and the judgment is affirmed. All concur.