Tatum *v.* Tatum.

Opinion delivered May 23, 1927.

1.  Dower—protection of inchoate dower.—While a wife's right of inchoate dower is merely a contingent expectancy, it is nevertheless of value and entitled to protection, if it can be done consistently with the principles of equity.

2.  Dower—opening of oil wells.—Where a husband conveyed land without the relinquishment of inchoate dower by his wife, and the grantees opened oil wells, the wife has a contingent interest, which should be protected.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed.

STATEMENT BY THE COURT.

Mary Jane Tatum brought this suit in equity against Albert Tatum, her husband, and others, to impound a sufficient portion of the proceeds of oil-runs accruing to the undivided one-fifth interest formerly owned by her husband in the lands described in the complaint, to the end that her inchoate right of dower in said lands may be protected.

The complaint alleges that the plaintiff is the lawful wife of the defendant, Albert Tatum, and that, subsequent to their marriage, the latter became seized and possessed of an undivided one-fifth interest in certain lands, which are described by metes and bounds. According to the allegations of the complaint, Albert Tatum, with other tenants in common, conveyed said land in fee simple by their warranty deed to Lizzie Minor. She, in turn, conveyed it to the other defendants, who drilled numerous oil and gas wells on said tract and are producing a vast amount of oil from same. The value and extent of the oil and gas production are unknown to the plaintiff, but are known to the defendants. They contemplate drilling additional wells, and will continue to produce oil from said land until it is exhausted. The complaint does not allege whether any children were born as the fruits of the marriage of Mary Jane Tatum

and Albert Tatum, or whether or not these parties are now living together as husband and wife.

The chancellor sustained a demurrer to the complaint, and the plaintiff refused to plead further, and elected to stand on her complaint. It was further decreed that the complaint should be dismissed for want of equity, and the plaintiff has duly prosecuted an appeal to this court.

*Smith & Little,* for appellant.

*Marsh & Marlin* and *Harry E. Meek,* for appellee.

HART, C. J., (after stating the facts). Counsel for respective parties say that, after a diligent search, they have been able only to find two cases directly bearing on the issues raised by the appeal.

Counsel for the defendants rely upon the case of *Rumsey* v. *Sullivan,* 150 N. Y. S. 287, 166 App. Div. 246, to sustain the decree. In that case the court said (quoting from syllabus):

"A wife who did not join in her husband's conveyance of land could not, during his lifetime, enjoin his grantee from drilling for oil or gas on the land and removing or selling any oil produced, since she cannot interfere with her husband's occupancy and use of the land, and whatever right and title he has he may convey to another, as her right of dower is always inchoate and subject to the changes, improvements, dilapidation or depreciation occurring during his lifetime, especially as no wells were dug or opened prior to the conveyance, and her right, in case she survives the husband, to operate the wells was therefore acquired by reason of the grantee's act in opening them."

There was a dissenting opinion in that case, upon the ground that, while the inchoate right of dower is not an estate in land, it is a substantial interest and highly favored in equity, and, whenever the right has been threatened by destruction or impairment, courts of equity should protect it.

To reverse the decree, counsel for the plaintiff relies on the case of *Brown* v. *Brown,* 94 S. C. 492, 78 S. E. 447. In that case the court held (quoting from syllabus in 78 S. E.):

"An 'inchoate right of dower,' while it cannot be properly denominated an estate in lands nor a vested interest therein, is a substantial right, possessing the attributes of property to be estimated and valued as such, a right attaching by implication of law, and which, from the moment that the fact of marriage and of seisin have concurred, is so fixed on the land as to become a title paramount to that of any other person claiming under the husband by a subsequent act; it is such a right as equity will protect."

Counsel for the defendants earnestly insist that the holding in the New York case is more in accord with our decisions bearing upon the question. They argue that, inasmuch as this court has held that the inchoate right of dower in lands during the husband's lifetime is not an estate in lands, she has no interest which is entitled to protection either in a court of law or in a court of equity. In discussing the subject in *Smith* v. *Howell,* 53 Ark. 279, 13 S. W. 929, the court said:

"The inchoate right of dower during the lifetime of the husband is not an estate in land—it is not even a vested right, but 'a mere intangible, inchoate, contingent expectancy.' The law regards it as in the nature of an incumbrance on the husband's title, and the statute cited provides a means whereby he may convey his title free from the incumbrance. She joins, not to alienate any estate, but to release a future contingent right. The grantee must look alone to the husband's conveyance for his title."

Her interest or right, whatever it may be, is something of value, and is entitled to protection if it can be done consistently with the principles of equity. It has been well said that "the inchoate rights of the wife are as much entitled to protection as the vested right of

the widow.'' The public policy of this court on the subject of dower was declared in the early case of *Crittenden v. Woodruff*, 11 Ark. 82, and it has ever since been recognized that dower is a favorite of the law. In that case the court said:

"The old books are full of intimations that dower was a favorite of the common law. In Lilly's Abr. 666 (Chilton's Probate Court Law and Prac. 372) it is said that 'dower is favored in law in a high degree, and is held sacred only next to life and liberty'."

After a careful consideration of the whole matter the majority of us are of the opinion that the inchoate right of dower is more nearly like the interest of a contingent remainderman, who may be protected by impounding the funds in cases like this, as was done in the case of *Watson* v. *Wolff-Goldman Realty Co.*, 95 Ark. 18, 128 S. W. 581, Ann. Cas. 1912A, 540. In a case-note to 34 A. L. R., at page 1021, the method of computing the value of an inchoate dower right is stated. As was said in the principal case there, the determination of the value is more difficult when dower is inchoate than when it is consummate. The reason is that it involves the consideration of the ages of two persons instead of one and the consideration of the health, habits and expectancy of life of both. We think the case is quite different where the husband has exchanged the land and his grantees have opened up mines. Where the husband opens up mines on his own land and works them himself, the law would presume that his wife consented to his action and was enjoying the benefits which he might obtain. In the case at bar, the wife refused to relinquish her dower in the land, and this of necessity affected the price thereof. Her inchoate right of dower, by whatever name called, necessarily affected the price to be paid, because it would be consummate upon the death of her husband. Thus it will be seen that, if the husband can convey his land without relinquishment of dower on the part of his wife and his grantees can open up mines and work them to extinction, a valuable right or interest of the wife is destroyed. It

is no answer to say that she will be entitled to dower in the land if she outlives her husband. It is easy to imagine cases where the lands would have no value whatever except for the oil, gas or other minerals contained in them. The exhaustion of the minerals from the land would leave them of little or no practical value. It is no answer to say that if the mine had not been opened up before the death of the husband the widow could not then open it up, as held in *Cherokee Construction Co.* v. *Harris,* 92 Ark. 260, 123 S. W. 485, 135 Am. St. 177. Here, under the allegations of the complaint, the grantees have drilled oil and gas wells and have thereby opened up the mine. The wife has a *contingent interest* in it which should be protected just as the remainderman had a right to protect his interest in the case last above cited.

Therefore the decree will be reversed, and the cause will be remanded for further proceedings in accordance with this opinion and not inconsistent with the principles of equity.