SKELLY OIL COMPANY *v.* MURPHY.

Opinion delivered February 3, 1930.

Marsh, McKay & Marlin, W. P. Z. German, Robert M. Turpin, Geo. W. Cunningham, Alvin F. Molony and Gaughan, Sifford, Godwin & Gaughan, for appellants.

J. P. Machen, Jr., for appellee.

HART, C. J., (after stating the facts). The parties to this lawsuit have agreed that Oscar T. Murphy has no interest in the land in controversy, and that his interest therein was legally conveyed by the deed executed by his father on March 3, 1888, and by his recognition of the validity of that deed after he became of age. Oscar T. Murphy owned the lands at the date of his marriage, and his wife never relinquished her dower in the lands. She was married to Oscar T. Murphy on January 19, 1888, and continued to live with him until his death. Oscar T. Murphy moved off the land on March 3, 1888, and never lived on it any more. He died on the 28th day of May, 1927, and appellants claim that appellee is barred of her dower right under an act passed by the Legislature of 1923, entitled, "An Act to Bar, Under Certain Conditions, the Inchoate Right of Dower of Married Women in Real Estate." General Acts of 1923, p. 250. The act was approved March 5, 1923, and § 1 reads as follows:

"The inchoate right of dower of any married woman in any real estate in the State of Arkansas is hereby barred in all cases when the husband has been barred of his title, or of any interest in said property for fifteen years or more, and also in real estate or interest therein conveyed by the husband, but not signed by his wife when such conveyance is made fifteen years ago or more. This act shall affect her inchoate right of dower in real estate only where the husband has now been barred fifteen years or more, or, when a conveyance by him without her signature has been made fifteen years or more prior to the passage of this act."

It will be seen from the terms of the act, that the interest of the husband in the land was barred for more than fifteen years before the passage of the act, and that the inchoate right of dower in the wife is barred, provided the act is valid.

A majority of the courts hold that, before the death of a husband, and while the right of dower is inchoate, it is subject to legislative control, and may be enlarged, diminished, or abolished, by the Legislature. Case note to 12 Ann. Cas., p. 191; and case note to 20 A. L. R. at 1330. Among the cases cited in support of the rule is that of *Hatcher* v. *Buford*, 60 Ark. 169, 29 S. W. 641, 27 L. R. A. 507.

The reason for the rule is that, since the wife's right of dower is not a vested right in property, it is not protected from legislative impairment or destruction by the constitutional guaranties for the protection of property. *Randall* v. *Kreiger*, 23 Wall. (U. S.) 137.

The cases cited hold that dower is not a right based on contract, but one resulting from wedlock as an incident to it, and as a matter of social and domestic policy. Therefore the right to dower results from operation of law, and is not an impairment of the obligation of a contract to change or abolish it before the right becomes vested.

In the case of *Boney* v. *State*, 156 Ark. 169, 245 S. W. 315, the court held that, the right of the widow to take dower being a privilege which the Legislature may give or withhold, it might impose a tax upon the exercise of the right against the person to whom it is given; such a tax, not being a property tax within the constitutional requirements of equality and uniformity. In that case the court expressly said, that the estate of dower was as old as the common law, and that the lawmaking power possesses full and complete control over it.

Again, in *Tatum* v. *Tatum*, 174 Ark. 110, 295 S. W. 720, 53 A. L. R. 306, the court recognized that the wife's inchoate right of dower is not a vested right in the sense that it is not subject to change, or even abolishment, by the Legislature so long as it is contingent, but held that it

could not be divested by any act of the husband, and on that account it was a valuable right, which the law would recognize and protect. It necessarily results that, since the right of dower does not exist by virtue of contract, but by operation of law, the obligation of a contract is not impaired by the modification of the law which governs it.

Neither does a modification of a dower statute fall within the ban of the Constitution of the United States, or of the State of Arkansas, as to equality of privileges, immunities, and protection of property. In *Ferry* v. *Spokane, Portland & Seattle Ry. Co.*, 258 U. S. 314, 42 S. Ct. 358, it was held that dower is not a privilege or immunity of citizenship, State or Federal, within the meaning of § 2 of article 4 of the Constitution, or the Fourteenth Amendment, but at most a right attached to the marital relation, and subject to regulation by each State respecting property within its limits.

In that case, the court upheld the constitutionality of a statute relating to dower in the State of Oregon, which gave a dower right to resident wives in the lands in which the husband was seized of an estate of inheritance at any time during the marriage; but restricted the dower right of nonresident wives to the land of which the husband died seized. The court, after stating that dower given by the law is believed to be the only kind ever obtained in this country, quoted with approval from *Randall* v. *Kreiger*, 23 Wall. (U. S.) 137, the following:

"During the life of the husband the right is a mere expectancy or possibility. In that condition of things, the lawmaking power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs the law of descent and distribution may be moulded according to the will of the Legislature."

The court also quoted with approval from the opinion of the Circuit Court of Appeals, in the same case, the following:

"The Legislature having the power to give or withhold dower, it follows that it has the power to declare the manner in which the dower right may be barred, or the grounds upon which it may be forfeited, and, if so, it has the right to provide that it may be barred by the wife's nonresidence in the State."

If the Legislature has the power to provide, as it has done in § 3514 of Crawford & Moses' Digest, that a widow shall be endowed of one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form, it might amend that statute by providing that a widow shall be endowed of a one-third part of all the lands of which her husband died seized, or it might provide that a widow shall be entitled to dower in the lands of which her husband was seized within a certain number of years before his death.

The general doctrine established by the cases above cited, including our own cases, is that the widow's right of dower is to be determined by the law in force at the time of her husband's death, and that during his lifetime her inchoate right of dower may be modified or entirely cut off by statute.

But it is contended that this holding is contrary to the principles decided in *Little Rock* v. *Parish*, 36 Ark. 166. We do not think, however, that the principles decided in that case have any application to the present case. Under the provisions of the Constitution construed in that case, cities and towns were required to be organized under general laws, and no change in the boundary lines of a city could therefore be made by special act. It was further held in that case that, whether a municipal corporation has definite boundaries, and what they are, is for the courts and not the Legislature to determine. Hence the court held that it was a judicial act,

and not a legislative one, to determine what were the boundaries of the city of Little Rock under the existing law. So it would be a question for the courts to determine what dower a widow would take under laws existing at the time of her husband's death, but it would be a legislative question to prescribe what portion of her husband's estate should be given a widow as her dower. To illustrate: Dower is one thing, and the assignment, or allotment, of dower is a different thing. Dower results from marriage, and is an incident to it, and is that part of the husband's estate which the common law or the Legislature in the change of the common law gives to the widow upon her husband's death; and the act of giving it is legislative, whether as the result of the adoption of the common law or by act of the Legislature.

On the other hand, the assignment of dower is the ascertainment the widow's interest by laying out or marking off that part of her husband's estate at his death, which the law has given her, and is a judicial act.

The act under consideration was passed by the Legislature of 1923, and that was before the adoption of the amendment construed in *Webb* v. *Adams, ante* p. 713, prohibiting the Legislature from passing local or special acts. Therefore, at the time the act in question was enacted by the Legislature, it could change or modify the existing statute relating to dower in any manner it saw fit, since its act in doing so did not impair the obligation of a contract within the meaning of the Constitution of the United States or of this State, and did not fall within the ban of these Constitutions against abridging the privileges or immunities of citizens, or depriving any person of property without due process of law, or denying to any person within its jurisdiction the equal protection of the law. By the enactment of the statute in question, the Legislature evidently had in mind to protect innocent purchasers of land when the husband had been barred of his land, or any interest in the property for fifteen years or more prior to the passage of

the act. It will be noted that the act expressly states that it shall affect the inchoate right of dower in real estate only where the husband has been barred for fifteen years or more, or when a conveyance by him without the signature of his wife has been made fifteen years or more prior to the passage of the act.

It makes but little difference whether this act be called a general or a special one, since it was within the power of the Legislature at that time to pass special laws. We are of the opinion, however, that the act was a general one, and that the Legislature merely made an amendment to existing dower laws prescribing the conditions under which dower should be given, and that there was a reasonable basis for the classification.

The result of our views is that the decree of the chancery court was erroneous, and it will be reversed, and the cause will be remanded with directions to dismiss the complaint of the appellee, who was plaintiff below, for want of equity.