B. H. & M. OIL COMPANY *v.* GRAVES.

Opinion delivered November 10, 1930.

*Marsh, McKay & Marlin,* for appellant.

*H. G. Wade,* for appellee.

MEHAFFY, J. This suit was brought in the Union Chancery Court by Mrs. Bettie Graves against her husband, Buchanan Graves, Jr., the B. H. & M. Oil Company and others to impound a sufficient portion of the proceeds of future runs of oil accruing to the one-twenty-fourth interest formerly owned by her husband in the property described in her complaint, to the end that her inchoate right of dower in said property may be protected. Buchanan Graves, Sr., is the owner of the west half of southeast quarter and the southeast quarter of the southwest quarter of section 3, township 16 south, range 15 west, in Union County, Arkansas. In 1922 Buchanan Graves, Sr., and his wife, Jinnie Graves, executed an oil and gas lease covering said lands to W. G. Sanford and Crawford and Sabastian, who went upon the land and drilled a number of commercial oil wells in 1922 and 1923, and said wells are still producing large quantities of oil and will continue to do so for some time to come. On February 1, 1924, Buchanan Graves, Sr., and Jinnie Graves, his wife, conveyed by warranty deed a one-twenty-fourth undivided interest in and to all the oil and gas and other minerals under the above described land to Buchanan Graves, Jr. Appellee and Buchanan Graves, Jr., were married in October, 1926. On January 7, 1927, Buchanan Graves, Jr., conveyed as a single person to the B. H. & M. Oil Company the same property that Buchanan Graves, Sr., had conveyed to him. Bettie Graves was the wife of Buchanan Graves, Jr., at the time he conveyed said property as a single person, and she is still his wife. The land has no value except the oil and gas, and is being depleted rapidly and will in a few years become entirely depleted and valueless. Appellee is 26 years old, in good health and lives in Calhoun County on a farm. Her husband is 32 years old, and it is

alleged that he is addicted to strong drink; that he often becomes intoxicated and is vicious. He lives at Smackover, and they have been separated since May 1, 1929. Buchanan Graves, Jr., does not own any interest in land and never has except as above described. Appellant filed a demurrer which the court overruled, appellant declined to plead further, and the court rendered a decree in favor of appellee; ordering appellant to pay into the registry of the court one-third of the proceeds of the royalties accruing to it from the filing of the complaint and to continue to pay into the registry of the court one-third of the royalties accruing thereafter, which sums are to be impounded for the protection of appellee's inchoate right of dower. Appellant prosecutes this appeal to reverse said decree, and appellee prosecutes a cross-appeal alleging that she is entitled to have one-half impounded instead of one-third.

Appellant states that the case of *Tatum v. Tatum,* 174 Ark. 110, 295 S. W. 720, does not support the contention of appellee in this case, because in the Tatum case the plaintiff's husband was the owner of the land and refused to execute the deed and relinquish her dower. We said in the Tatum case, quoting from an earlier case, "The old books are full of intimations that dower was a favorite of the common law. In Lily's Abr. 666 (Chilton's Probate Court Law and Prac. 372), it is said that dower is favored in law to a high degree and is held sacred only next to life and liberty," and immediately after quoting the above, we said: "After a careful consideration of the whole matter, the majority of us are of the opinion that the inchoate right of dower is more nearly like the interest of a contingent remainderman, who may be protected by impounding the funds in cases like this as was done in the case of *Watson v. Wolf-Goldman Realty Co.,* 95 Ark. 18, 128 S. W. 581; Ann. Cas. 1912A, 540." It is settled by the decision in the Tatum case that the wife's inchoate right of dower may be protected by impounding the proceeds of the sale as

was done in that case. Numerous authorities were cited and reviewed in that case, and it is not necessary to cite them and comment on them here. The decision in the Tatum case settles this case unless it may be distinguished, because in the Tatum case the husband was the owner of the land and in this case he is not. We think, however, the same principle applies because it is settled by the decisions of this court that the rights granted to a lessee are not a mere license but an interest and easement in the land itself. If the interest involved here or the property owned by the husband is an interest in land, then the same rule applies as was applied in the Tatum case, and under our decisions the property of the husband in this case was an interest in the land. *State ex rel. Atty. Gen.* v. *Ark. Fuel Oil Co.*, 179 Ark. 848, 18 S. W. 906; *Standard Oil Co. of La.* v. *Oil Well Salvage Co.*, 170 Ark. 729, 281 S. W. 360; *Stewart* v. *Robinson*, 289 Fed. 689; *Smith* v. *McCulloch*, 285 Fed. 689; *Rich* v. *Donaghey*, 71 Okla. 204, 177 Pac. 76; *Barnsdall* v. *Gas Co.*, 225 Pa. 238, 74 Atl. 207; *Blair* v. *Clear Creek Oil & Gas Co.*, 148 Ark. 310, 230 S. W. 286.

The record in this case shows conclusively that the land is practically worthless except for the gas and oil. Therefore, if the husband is permitted to sell the oil and gas, he can thereby deprive the wife of all the value of the land. Where agricultural land or any ordinary land is sold, and the wife does not sign the deed, she still has her dower in the land and she cannot maintain a suit for it because there is no possibility of it getting away or being put beyond her reach, but in the instant case, the only value the land has is the gas and oil, and if that is permitted to be disposed of by the husband without protecting the inchoate dower right of the wife, she would thereby be deprived of the entire value of the land against her will. The decision in the Tatum case is controlling here, and the chancellor's decree impounding a part of the proceeds is correct.

The appellee prosecutes a cross-appeal and contends that there should be one-half of the money impounded in-

stead of one-third. The statute provides that if one dies without children, the widow shall be endowed with one-half of the real estate against collateral heirs, but only one-third against creditors. Section 3526, Crawford & Moses' Digest. It is also provided that where a husband owns land and the wife is adjudged insane, he may be permitted to sell the land by depositing in court one-third of the purchase price. Section 3563, Crawford & Moses' Digest. Construing the two sections of the digest together, we have reached the conclusion that only one-third should be deposited. She is in no event entitled to more than one-third against creditors, and we therefore think the chancellor's finding and requiring a deposit of one-third is correct.

The decree is therefore affirmed both on appeal and cross-appeal.

Smith and Kirby, JJ., dissent.