## FRANK J. DIGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77529.   Promulgated January 12, 1937.

*Benedict Ginsberg, Esq.*, for the petitioner.
*Willis R. Lansford, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: The petitioner seeks the exclusion of $15,000 from the sale price in computing his gain, claiming that this was not received by him, but was paid to his wife as purchase price of her dower. This contention must be rejected. The property was purchased and owned by him and he sold it for $100,000. While his wife was "endowed of the third part" thereof as dower, Real Property Law § 190, McKinney's Consolidated Laws of New York, this was inchoate and was not sold by her, but released. *Witthaus* v. *Schack*, 105 N. Y. 332, 11 N. E. 649; *Crawford* v. *Woods*, 191 N. Y. S. 786; *Stokes* v. *Stokes*, 196 N. Y. S. 184. Whether the $15,000 was given by petitioner to his wife directly, as inducement for joining in the conveyance, or assigned to her out of the forthcoming price, it is nevertheless to be regarded as part of the sale price which inured to him for the property which he alone owned. Cf. *United States* v. *Robbins*, 269 U. S. 315.

The petitioner cites *Frank* v. *Commissioner*, 51 Fed. (2d) 923, and there is indeed some support in that opinion for his position. But the court was apparently primarily concerned with whether the $40,000 paid to the taxpayer's estranged wife was by way of alimony, as the Board had held. As to the wife's position in respect of dower, we must in this case act upon the New York decisions upon the law of New York, even if they be at variance with the law of Pennsylvania, which alone was under consideration in the *Frank* case.

If sustained, the petitioner's theory would afford a widespread means of artificially shifting the incidence of tax. Dower is generally provided for, not only in New York but in other states. If the sale price of property owned and sold by a husband is to be

attributed to the wife to the extent that she demands it as an inducement to release her dower, there is little reason for a husband to be charged with any gain from a sale. This has never been suggested heretofore and it is difficult to believe that the statute may be regarded as contemplating it. Cf. *Lucas* v. *Earl*, 281 U. S. 111. The Commissioner has correctly treated the $100,000 as realized by the petitioner.

The petitioner assails the Commissioner's computation of the basis. By section 113 (b), Revenue Act of 1928, the basis is the larger figure as between cost (with proper adjustments for depreciation) and March 1, 1913, value. If a taxpayer relies upon a basis greater than cost, he must prove the March 1, 1913, value. *Burnet* v. *Houston*, 283 U. S. 223. This the petitioner has failed to do, and it matters not that the proof was too difficult. The Commissioner has given him a basis higher than original cost by $2,400, and has computed depreciation on the building to a figure which the petitioner does not dispute. This has not been shown to be in error. The payment for improvements in an uncertain amount, which petitioner sought to establish at $8,000 and which has been found at not less than $4,000, does not serve on this record to change the basis used by the Commissioner, for it does not clearly enough appear that the improvements were made before March 1, 1913, or to what extent, or how their cost should be adjusted by depreciation.

There is no evidence on the subject of the penalty, and it must therefore be affirmed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

LEECH, dissenting: The petitioner owned real estate. His wife then owned a dower right in that real estate. That right, even though inchoate, was her valuable right, measurable in money. *Ferguson* v. *Dickson*, 300 Fed. 961; *McCaughn* v. *Carver*, 19 Fed. (2d) 126; *United States* v. *Mitchell*, 74 Fed. (2d) 571. She could not be divested of it without her consent. If the purchaser had bought from the husband, alone, his interest in the property, for half the consideration paid here for the interests of both the husband and wife in the property, and in another transaction secured a quitclaim deed from the wife for her rights in the same property for the other half of the consideration paid here, it certainly would not be held that the husband was taxable on the consideration paid to the wife for the rights she and she, alone, owned and could relinquish. It seems to me that, in effect, is the situation here. *Frank* v. *Commissioner*, 51 Fed. (2d) 923.