LeCroy *v.* Cook, Commissioner of Revenues.

4-8244                                    204 S. W. 2d 173

Opinion delivered June 30, 1947.

Rehearing denied September 22, 1947.

*George M. LeCroy* and *Homer T. Rogers,* for appellant.

*O. T. Ward,* for appellee.

McHANEY, Justice. Appellant brought this action against appellees, who are respectively the Commissioner of Revenues for the State of Arkansas and the Sheriff of Union county, to cancel a distraint warrant issued by the Commissioner for the collection of additional income taxes for the years 1939 and 1940 in the sum of $432.95, and which was delivered to the Sheriff for collection by levy as for an execution, and to enjoin them from the collection of any additional taxes. He alleged that, in the year 1911, he entered into a contract with his wife, Lizzie LeCroy, "whereby in selling all real property wherein the wife had an inchoate right of dower, and when she joined, released and relinquished same, she would receive one-third of the net proceeds derived from any and all sales in lieu of and in full compensation for her inchoate dower rights so released. Same to become her sole and separate prop-

erty, which contract has been fully complied with and fully performed.'' He sets out a number of real estate sales by him during 1939 and 1940 wherein his wife joined to release and relinquish her dower rights and in which she was paid one-third of the net proceeds of said sales. One such sale is particularly stressed, it being an oil lease sold to C. H. Murphy, Jr., on June 20, 1940, subject to the wife's dower rights and which rights were released to Murphy by her on September 30, 1940, by separate instrument and she received from Murphy $400 therefor. He alleged that, notwithstanding no part thereof was paid to or received by him, the Commissioner was holding that it all belonged to him and charged him with same contrary to law, and that he had paid all taxes on income properly chargeable to him.

Appellees answered denying appellant's right to claim credit on his net income for the amount of such sales of real property so delivered to his wife. They alleged that more than 30 days had expired after appellant had been notified by the Commissioner of the assessment of the additional tax, and that no hearing had been requested by appellant and no appeal taken therefrom, and that the court was without jurisdiction. A temporary restraining order was issued.

Trial resulted in a finding by the court that appellant and his wife entered into the oral agreement as alleged by him in 1911, and that said agreement was faithfully and fully complied with since said date, but also found that the temporary order should be dissolved and that the complaint should be dismissed for want of equity. A decree was entered to this effect and this appeal followed.

For a reversal appellant contends, first, that he has the right to contract generally with his wife in regard to her inchoate right of dower in his real estate and that any income accruing to her under such contract is not taxable income to him; and, second, in the absence of any such contract, where he sells property subject to her dower interest and she later, by a separate instrument,

releases her rights to such purchaser and receives pay therefor direct from the purchaser, the money paid to her is not taxable to him. These are the principal questions raised by this appeal.

We cannot agree with appellant on either contention. A wife is not endowed of her husband's real estate. Only the widow is so endowed. Section 4396 of Pope's Digest provides that: "A widow shall be endowed of a third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form." Until her husband's death the wife's right of dower is inchoate, that is, it is contingent upon his death during her lifetime. While it is a valuable contingent right, it is not such an interest in her husband's property as may be conveyed by her. It may only be "relinquished" by her to her husband's grantee in the manner and form provided by statute. Section 1815 of Pope's Digest provides: "A married woman may relinquish her dower in any of the real estate of her husband by joining with him in the deed of conveyance thereof, or by a separate instrument executed to her husband's grantee or any one claiming title under him, and acknowledging the same in the manner hereinafter prescribed." In § 1834 "manner hereinafter prescribed" is set out, in that by "voluntarily appearing before the proper court or officer, and in the absence of her husband declaring that she had of her own free will signed the relinquishinment of dower for the purposes therein contained and set forth without compulsion or undue influence of her said husband."

Act 27 of 1939 authorizes married women to relinquish dower and waive homestead in the husband's lands, minerals or timber to the husband's grantee by power of attorney properly executed.

There is no statute in this State which authorizes a wife to *convey* her dower rights to anyone. She can only relinquish such rights, not convey, and then only to her husband's grantee or one claiming title under him.

In *Smith* v. *Howell*, 53 Ark. 279, 13 S. W. 929, Judge HEMINGWAY for the court said: "The inchoate right of dower during the lifetime of the husband is not an estate in land—it is not even a vested right, but 'a mere intangible, inchoate, contingent expectancy'. The law regards it as in the nature of an incumbrance on the husband's title, and the statute cited provides a means whereby he may convey his title free from the incumbrance. She joins not to alienate any estate, but to release a future contingent right. The grantee must look alone to the husband's conveyance for his title. The relinquishment can be invoked for no purpose but to aid the title passed by his deed which contains it; therefore, when that title fails, the relinquishment becomes inoperative." See *Robbins* v. *Robbins*, 181 Ark. 1105, 29 S. W. 2d 278, where we held that dower does not ripen into an estate or an interest therein until the husband's death. In *Tatum* v. *Tatum*, 174 Ark. 110, 295 S. W. 720, 53 A. L. R. 306, in a suit to impound a portion of the proceeds of oil runs accruing to an undivided interest in lands formerly owned by her husband and conveyed by him in which she did not relinquish her dower right, we held that she had a contingent interest which should be protected if it could be done consistent with equity. This rule was reaffirmed in *B. H. & M. Oil Co.* v. *Graves*, 182 Ark. 659, 32 S. W. 2d 630. These and other cases hold that the right of dower is a valuable right. In *Hershey* v. *Latham*, 46 Ark. 542, it was held, headnote 1: "A wife's relinquishment of dower, or cession of any other rights of property, is a sufficient consideration for a settlement upon her by her husband out of his own property," in a suit by a creditor of the husband claiming a fraudulent conveyance to the wife. In *Skelly Oil Co.* v. *Murphy*, 180 Ark. 1023, 24 S. W. 2d 314, we held that, "Since the wife's inchoate right of dower is not a vested right in property, it is not protected from legislative impairment or destruction by the constitutional guarantees for the protection of property or the rights of citizens, and it is not an impairment of the obligation of a contract to change or abolish it before the right becomes vested." Headnote 1. This hold-

ing was made under Act 315 of 1923 which barred the wife's dower in certain cases.

So, we conclude that, while appellant had the right to contract with his wife to pay her a portion of the sale price of real property sold by him to induce her to relinquish her right of dower therein to his vendee, he did not thereby change the law of dower as enacted by the Legislature and construed by this court. His payments to her under such contract are nothing more than gifts. Of course, appellant could give to his wife all or any part of his income from such sales, but even so, the income would be taxable to him just as though he had not given it away.

The same thing is true with reference to the sale to Murphy, above mentioned. She executed a separate instrument to Murphy relinquishing her dower rights to him in exact conformity with the statute, some three months after appellant had executed the lease to Murphy, for a consideration of $400 cash. By this instrument she conveyed no estate in the land. Her husband had conveyed the title to the land by his lease. She simply released and relinquished her possibility of dower to his grantee. Therefore, the profits arising from the transaction must be held to be income accruing to appellant and the $400 paid to her as a gift from appellant.

Another question argued relates to the correctness of the amount of the additional tax levied. We think appellant lost his right to question the amount by not proceeding under the provisions of §§ 14054 and 14055 of Pope's Digest which provide an ample remedy for the taxpayer under the income tax law, and 14055 prohibits the issuance of any injunction, writ or order to prevent or stay the collection of income under said Act, which applies to the assessment of additional taxes also. Section 14049. See *McCarroll, Commissioner* v. *Gregory-Robinson-Speas, Inc.,* 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977.

The decree is, accordingly, affirmed.