OPINION. Black, Judge: Petitioner contends that the respective amounts of $1,452.66 and $5,325.91 reported by his wife as taxable gain in the years 1842 and 1943 are not includible in his income for these years. He maintains that he entered into an agreement with his wife whereby she made an absolute transfer of her dower rights in his property in consideration of his agreement to pay her, or cause the purchaser to pay to her, one third of the net profits of sales of all real property, or rights or interests in any lands owned by him; that in 1942, when she executed the deed to the timber property, she acted as a grantor and in 1943, when she executed the oil and gas lease, she acted as a lessor, and the amounts that she received in these years for the conveyance of these properties is taxable to her. Respondent contends that the land in question was owned by petitioner, that the sales of the rights in the land were made by him, and that all of the consideration for the conveyance of the property rights was includible in his income for the taxable years. The answer to the question raised by the contentions of the parties depends upon the nature of the wife’s right of dower under Arkansas law. Local law is controlling as to rights or interests in property and the character and nature of such rights or interests. Freuler v. Helvering, 291 U. S. 35, and Blair v. Commissioner, 300 U. S. 5. Under Arkansas law the wife’s right of dower during the lifetime of the husband is not an estate in land but is a contingent expectancy constituting a mere chose in action, incapable of transfer by grant or conveyance, but susceptible only of extinguishment during its inchoate state, Smith v. Howell, 53 Arkansas 279, 13 S. W. 929; Wooton v. Keaton, 272 S. W. 869; Skelly Oil Co. v. Murphy, 24 S. W. (2d) 314; Robbins v. Robbins, et al., 29 S. W. (2d) 278; LeCroy v. Cook, 204 S. W. (2d) 173. In LeCroy v. Cook, supra, the petitioner herein brought an action in the Supreme Court of Arkansas against the Commissioner of Revenue for the State of Arkansas and the sheriff of Union County to cancel a distraint warrant issued by the Commissioner for the collection of additional state income taxes for the years 1939 and 1940 and to enjoin them from collecting any additional taxes. LeCroy alleged that in the year 1911 he entered into a contract with his wife, Lizzie LeCroy, wherein he agreed that he “* * * would, in selling all real property wherein the wife had an inchoate right of dower, and when she joined, released and relinquished same, she would receive one-third of the net proceeds derived from any and all sales in lieu of and in full compensation for her inchoate dower rights so released. * * *” LeCroy made certain real estate sales in 1939 and 1940 wherein his wife released her dower rights and was paid one-third of the net proceeds of said sales. He contended that he had the right to contract generally with his wife in regard to her inchoate right of dower in his real estate and that any income accruing to her under such contract was not taxable income to him and, second, that in the absence of any such contract where he sells property subject to her dower interest and she later, by a separate instrument, releases her rights to such purchaser and receives pay therefor direct from the purchaser, the money paid to her is not taxable to him. In ruling upon these contentions the court said: We cannot agree with appellant on either contention. A wife is not endowed of her husband’s real estate. Only the widow is so endowed. Section 4300 of Pope’s Digest provides that: “A widow shall be endowed of a third part of all the lands whereof her husband was seized of an estate of inheritance (a) at anytime during the marriage, unless the same shall have been relinquished in legal form”. Until her husband’s death -the wife’s right of dower is inchoate, that is, it is contingent upon his death during her lifetime. While it is a valuable contingent right, it is not such an interest in her husband’s property as may be conveyed by her. It may only be “relinquished” by her to her husband’s grantee in the manner and form provided by statute. * * * The court concluded tliat even though the taxpayer had the right to contract with his wife to pay her a portion of the sale price of the real property sold by him, to induce her to relinquish her right of dower to his vendee, nevertheless such payments under the contract were nothing more than gifts, and are taxable to him. The facts in this case are very similar to those involved in Frank J. Digan, 35 B. T. A. 256. There the taxpayer, a resident of New York, sold certain real property located in Now York City. The taxpayer’s wife refused to join in the contract of sale until he agreed to give her half the proceeds and she received directly from the purchaser $15,000 •of the $30,000 in cash payments. The taxpayer sought to exclude $15,000 from the sale price in computing his gain, claiming that this was not received by him but was paid to his wife as the purchase price of her dower. We pointed out that while the taxpayer’s wife was “endowed of the third part” thereof as dower under New York law, this was inchoate and was not sold by her but was released. We stated in part as follows: * * * Whether the $15,000 was given by petitioner to his wife directly, as inducement for joining in the conveyance, or assigned to her out of the forthcoming price, it is nevertheless to be regarded as part of the sale price which inured to him for the property which he alone owned. * * * We think that the cited cases require that our decision be in favor of the respondent, and, in conformity with the law set forth therein, we hold that the entire consideration paid for the conveyance of the timber property m 1942, and for-the petitioner’s interest in the property leased in 1943, inured to petitioner and was properly included in computing his taxable income for these years. Decision will be entered for the respondent.