**O'MALLEY, Collector of Internal Revenue, v. YOST.**

No. 14166.

United States Court of Appeals
Eighth Circuit.

May 31, 1951.

For original opinion, see 186 F.2d 603.

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, and George D. Webster, Sp. Assts. to Atty. Gen. and Joseph T. Votava, U. S. Atty., Omaha, Neb., on the brief), for appellant.

Joseph J. Cariotto, Lincoln, Neb., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

PER CURIAM.

By motion, treated as petition for rehearing, and supporting brief the taxpayer appellee has argued that the judgment of the District court awarding him a refund of income tax ought to be affirmed even though the grounds on which the judgment was rested were erroneous as this court decided, 186 F.2d 603. He contends that if, as we have decided, the $2,951.11 which he paid to his wife so that he could convey good title to the property he had contracted to convey, was not deductible as an expense of sale within the meaning of the revenue laws, then it should be held that the amount of the payment was a part of the cost of the property and increased the cost basis thereof at the time of the sale. From that

premise he argues that the sale resulted in a capital loss justifying the deduction from income tax awarded by the judgment.

■ The case was tried in the District court on a stipulation of facts which included the following: "The taxpayer owned a residence at 2626 Sewell Str., Lincoln, Nebraska since 1922, the cost of which in 1922 was $10,500. Said residence was used and occupied by the taxpayer and his family until 1939 at which time it was changed to a rental property. It is agreed and stipulated by the parties that the true cost basis of said residence in 1939 when it was converted into a rental property was $6,500. That up to the date of the sale there had been depreciation allowed on said residence in the sum of $1,653.13 leaving the adjusted cost basis of said residence when sold at $4,846.87".

Such stipulation plainly precluded any determination that the true adjusted cost basis of the property at the time of sale was other than $4,846.87, or that such cost was greater than the sale price or that a capital loss resulted from the sale.

■ Nor do we think that the taxpayer's claim for refund finds support in the Treasury Regulation of 1916, 26 CFR 29.24–2 quoted in this court's opinion. The cited section is entitled "Capital Expenditures" and refers to payments to perfect title which are not deductible expenses of sale but which increase capital value and are recognized as increasing cost basis. The expenditure in this case, being half of the sale price obtained by the husband from the sale of his property which he paid over to the wife because she demanded it as the condition for joining in her husband's deed, was not an "expenditure for increasing the value" of the husband's property. The capital it represented had already entered into the tax computation made in full view of the existence of the inchoate interest of the wife in property owned by her husband resulting from marital relations never fully terminated. The husband can not control the amount of tax due from him to the government by acceding to or refusing arbitrary demands of his wife to a share in the proceeds of sales of his property. As was said by the Board of Tax Appeals in

Digan v. Commissioner, 35 B.T.A. 256, 257, 258,

"If sustained, the petitioner's theory would afford a widespread means of artificially shifting the incidence of tax. Dower is generally provided for, not only in New York but in other states. If the sale price of property owned and sold by a husband is to be attributed to the wife to the extent that she demands it as an inducement to release her dower, there is little reason for a husband to be charged with any gain from a sale. This has never been suggested heretofore and it is difficult to believe that the statute may be regarded as contemplating it."

To the same effect LeCroy v. Commissioner, 15 T.C. 143; LeCroy v. Cook, 211 Ark. 966, 204 S.W.2d 173, 1 A.L.R.2d 1032.

As we find no reason to modify or depart from the opinion rendered herein on January 24, 1951, the petition for rehearing is denied and the former opinion is adhered to with direction that mandate issue according to its terms.