**In re Nada Jean FLIPPIN, Debtor.**

**No. 3:05–BK–75785.**

United States Bankruptcy Court,
W.D. Arkansas,
Harrison Division.

Nov. 23, 2005.

William M. Clark Jr. is the chapter 7 trustee.

Samuel J. Pasthing represented the debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

Before the Court is the chapter 7 trustee's Motion For Turnover filed on September 15, 2005. The debtor responded to the motion on September 19, 2005. The trustee replied on September 22, 2005. The motion for turnover relates to the debtor's dower interest in property owned by the debtor's spouse. Two issues are presented to the Court. First, whether the debtor's dower interest is property of the debtor's estate, and second, if it is property of the estate, whether it is capable of being turned over to the trustee. A third issue, that of valuation, need not be addressed by the Court based upon the disposition of the second issue. The Court held a hearing on the trustee's motion on November 15, 2005, and took the matter under advisement. For the reasons stated below, the motion for turnover is denied.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(E). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9014(c).

Prior to the hearing, the trustee and the debtor entered into the following written stipulations:

1. Steven J. Flippin and Nada Jean Flippin obtained their marriage license on December 7, 2004.

2. Steven J. Flippin was born on February 16, 1963 and is presently 42 years of age.

3. Nada Jean Flippin was born on November 22, 1973 and is presently 31 years of age.

4. Steven J. Flippin is the owner of real property located at 4643 Marion County 5014, Everton, Arkansas ("the property").

5. By virtue of the marriage of Steven Flippin and the debtor, the debtor owns a recognizable, inchoate dower interest in the property.

6. The debtor has not relinquished her dower interest in the property.

7. The current value of the property is One Hundred Sixty Seven Thousand Dollars ($167,000).

8. There is a secured lien on the property in the amount of One Hundred Thirty Three Thousand and Six Hundred Sixty Seven Dollars and Five Cents ($133,667.05) on the property [sic].

9. According to 11 U.S.C. § 541(a)(1) a bankruptcy estate is comprised of all legal and equitable interests of the debtor in property as of the date the bankruptcy petition is filed.

10. If the Court should find that the debtor's dower interest is an interest which can be valued and included as property of the estate and that the debtor can be compelled to turn this interest over to Trustee under applicable state law, then the table contained in Ark.Code Ann. § 18–2–105 is the appropriate method of valuation, using a 4% rate of interest.

The parties also entered into the following stipulation at trial:

11. Debtor's spouse at the time of the filing of the bankruptcy had no children and presently has no children.

■■■■ The first issue presented by the parties is whether the debtor's dower interest in her husband's property is property of the debtor's estate. Commencement of a bankruptcy case creates an estate comprised of, among other things, all legal and equitable interests of the debtor in property. *See* 11 U.S.C. § 541(a)(1). Those interests must be defined under appropriate state law. In Arkansas, a wife has a dower interest in her husband's property. Upon the husband's death, a surviving wife with no children is invested in a fee simple interest of one-half of the real property owned by the husband prior to his death. Ark.Code Ann. § 28–11–307 (1987). Before the husband's death, the dower interest is a recognizable interest in real estate in the form of an inchoate right of dower by virtue of the parties' marriage. *See Le Croy v. Cook,* 211 Ark. 966, 204 S.W.2d 173, 174 (1947); *see also In re Lambert,* 57 B.R. 710, 712–13 (Bankr. N.D.Ohio 1986). The right is inchoate because it is contingent upon the death of the husband during the lifetime of the wife. However, the inchoate nature of the dower interest does not affect the legal interest the wife enjoys in the real property. Because § 541 includes *all* legal and equitable interests as property of the debtor's estate, the Court finds that the debtor's inchoate dower interest in her husband's property is property of the debtor's estate. *See also* 5 Collier on Bankruptcy ¶ 541.05[5], at 541–18 (15th ed. rev.)(2005).

■■■■ Having determined that the debtor's inchoate dower interest is property of the estate, the Court must now determine whether the interest is capable of being turned over to the trustee. Dower rights vest upon the death of the dower holder's spouse. Until that time, the right of dower is " 'a mere intangible, inchoate, contingent expectancy.' " *Le Croy,* 204 S.W.2d at 175 (quoting *Smith v. Howell,* 53 Ark. 279, 13 S.W. 929 (1890)). Under Arkansas law, a spouse cannot convey her dower rights to any one; she can only relinquish those rights, and then only to her husband's grantee or one claiming title under him. *Id.* Although the right of dower may be a valuable contingent right, "it is not such an interest in her husband's property as may be conveyed by her." *Id.* at 174. Because of this limitation on transfer, the debtor in this case is incapable of taking any action to effectuate the turnover of her dower interest to the trus-

tee. In these circumstances, the interest is simply not transferable, and is not one the trustee can "use, sell, or lease under section 363 of this title ...." 11 U.S.C. § 542(a).

The Court finds that the debtor's dower interest in her husband's property is property of the estate. However, because the debtor's dower interest can only be relinquished, and not conveyed to another party (and in this instance, mere relinquishment would nullify any value because the debtor's spouse is still alive, and the trustee is not the spouse's voluntary grantee), the Court denies the trustee's motion for turnover.

IT IS SO ORDERED.