**IN RE: RW MERIDIAN LLC, Debtor**

**BANKRUPTCY NO: 16–00629–MM7**

United States Bankruptcy Court,
S.D. California.

DATE: April 7, 2016, TIME:
10:00 a.m., CRTRM: 1

July 5, 2016

RW MERIDIAN LLC, 2015 HUGHES DR, Fullerton, CA 92833, for Debtor

Francisco J. Aldana, Law Offices of Francisco Javier Aldana, 3033 5th Avenue, Suite 201, San Diego, CA 92103, Attorney for Debtor

United States Trustee, Office of the U.S. Trustee, 402 West Broadway, Suite 600,

San Diego, CA 92101–8511, Ronald E. Stadtmueller, 10755 Scripps Poway Pkwy., # 370, San Diego, CA 92131, Chapter 7 Trustee

Laurel Lee Hyde, Esq., SCHWARTZ HYDE & SULLIVAN, LLP, 401 "B" Street, Suite 2400, San Diego, CA 92101–4200, Attorneys for County of Imperial Treasurer-Tax Collector

Brian A. Kretsch, Law Office of Brian A. Kretsch, A.P.C., 810 Jamacha Road, Suite 202, El Cajon, CA 92019, Attorney for Chapter 7 Trustee

## MEMORANDUM DECISION RE MOTION FOR COMFORT ORDER RE AUTOMATIC STAY FILED BY THE COUNTY OF IMPERIAL TREASURER–TAX COLLECTOR

MARGARET M. MANN, JUDGE,
United States Bankruptcy Court

Before the court is a motion for a comfort order regarding the automatic stay ("Motion") filed on February 12, 2016 by the County of Imperial Treasurer–Tax Collector ("County"). In its Motion, the County requests the court confirm that the automatic stay was not violated by the conclusion of County's post-petition tax sale ("Sale") of a 58.53 acre parcel of unimproved land located in Imperial County ("Property") on February 9, 2016. The County claims Debtor RW Meridian, LLC ("Debtor") held no interest in the Property when it filed its Chapter 7 petition commencing this case on February 8, 2016 because Debtor's right of redemption under Cal. Rev. & Tax.Code ("Tax Code") § 3707(a)(1) expired pre-petition, and that the Country's conduct of the Sale post-petition was a ministerial act. Debtor's Chapter 7 Trustee Ronald E. Stadtmueller

("Trustee") opposes the County's Motion and contends that the Sale not only violated the automatic stay, but it is also void.

The County's argument rests on the holding of *In re Tracht Gut, LLC,* 503 B.R. 804, 812 (9th Cir. BAP 2014) that the automatic stay was inapplicable under 11 U.S.C. § 362(a)(3)[1] in a case where the tax sale and the expiration of the right of redemption under Cal. Rev. & Tax. Code ("Tax Code") § 3707(a)(1) had both occurred pre-petition. The Sale here occurred post-petition, not pre-petition as it did in *Tracht Gut.* Whether this factual distinction compels a different outcome is an issue with which other bankruptcy courts have grappled.

After consideration of the controlling authorities, the court concludes that the Sale did violate the automatic stay and is void. This is not only because Debtor held valuable state law rights in the Property at the time of its bankruptcy, including title, possession, and contingent redemption rights, but also because the Sale was an action to enforce a lien and to collect a debt after bankruptcy. Accordingly, each of §§ 362(a)(3), (4) and (6) was violated by the conduct of the Sale post-petition, and the conduct of the Sale itself was not a ministerial act but one exercised with ample discretion by the County.

The court must deny the County's Motion since the holding of *Tracht Gut,* 503 B.R. at 812 cannot be stretched to the facts of this case.

## I. *Background*

Debtor was the record owner of the Property on February 5, 2016. At this time, the property taxes had not been paid on the Property for more than five years.

---

1. All statutory references for the remainder of this decision are to Title 11, United States Code, unless otherwise noted.

Due to the default, the Property was scheduled for sale in an internet auction commencing on Saturday, February 6, 2016. Debtor's right of redemption in regard to the Sale expired at 5:00 p.m. on Friday, February 5, 2016 pursuant to Tax Code § 3707(a)(1). After Debtor's redemption rights expired and the internet auction commenced, but before the auction concluded and the Property was sold to the highest bidder, Debtor filed bankruptcy. Despite this, the auction continued and the Property was sold the day after the bankruptcy with a successful bid of $343,000.

The County is still holding the auction proceeds and has not completed the Sale by recording the deed to the successful bidder. The County requested a comfort order from this court seeking to confirm its understanding that the Debtor had no interest in the Property that was protected by the automatic stay at the time this case was filed. The County also wants permission to finalize the Sale without violating the stay.

Trustee seeks to administer the Property as property of the Debtor's bankruptcy estate since he received an offer to buy the Property for $526,770. Since the only debt against the Property is the tax lien owed to the County totaling approximately $167,000, this leaves potential equity of $330,000. Trustee also contends the automatic stay applied on the petition date because Debtor held valuable rights at the time of the filing.

The court issued a Tentative Ruling in connection with this matter on April 5, 2016 ("Tentative"). At the later hearing held on April 8, 2016, the court continued the matter for further briefing on whether Debtor's redemption rights provided under Tax Code § 3707(a)(2) and (d) provided the estate an interest in the Property on the petition date sufficient to trigger the automatic stay. Trustee and the County filed supplemental briefing on June 9, 2016 which the court has considered.

## II. *Analysis*

### A. The Sale Was Void Under Several Provisions of the Bankruptcy Code

The County's analysis focuses too narrowly on § 362(a)(3) and its assessment of Debtor's rights in the Property on the petition date. Although the court finds Debtor's rights in the Property are sufficient to trigger the automatic stay provided in § 362(a)(3), as a preliminary matter the court notes that this subsection is not the only potentially applicable provision of the automatic stay to these facts.

In addition to violating § 362(a)(3), the County's Sale of the Property also violated § 362(a)(4) and (a)(6). Section 362(a) lists a wide range of actions that are prohibited by the automatic stay: subsection (a)(4) bars acts to create, perfect, or enforce a lien against property of the estate and subsection (a)(6) stays any act to collect, assess, or recover a prepetition claim against the debtor. Wholly apart from whether Debtor had any remaining rights in the Property as of the petition date, the County's post-petition Sale of the Property was an action to enforce its tax lien post-petition to collect its prepetition claim against the Debtor, and the County violated § 362(a)(4) and (a)(6).

The most cogent authority as to the breadth of the automatic stay where a tax sale occurs post-petition is contrary to the County's argument. *See 40235 Wash. St. Corp. v. Lusardi*, 329 F.3d 1076, 1080 (9th Cir.2003), *cert. denied*, 540 U.S. 983, 124 S.Ct. 469, 157 L.Ed.2d 374 (2003). In *Lusardi*, the Ninth Circuit applied § 362(a)(4) and held "[w]hen [the debtor] filed its bankruptcy petition, the automatic

stay took effect, [and] the ... County tax sale, conducted to enforce the tax lien on the property, was void." It reasoned that "the filing of a bankruptcy petition creates an automatic 'stay, applicable to all entities, of,' inter alia, 'any act to create, perfect, or enforce any lien against property of the estate.'" *Id.* Although the Ninth Circuit did not reference § 362(a)(4) specifically, its paraphrase of the statutory language evidenced this was its intent.

■ As to § 362(a)(6), deeming collection activities a violation of the automatic stay is also subject to a broad interpretation. *See Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 560, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) ("Section 362(a) automatically stays a wide array of collection and enforcement proceedings."). As stated in *Gonzales v. Parks,* 830 F.2d 1033, 1035 (9th Cir.1987) (quoting *In re M. Frenville Co., Inc.,* 744 F.2d 332, 334 (3rd Cir.1984)), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985): "Congress' intent in enacting § 362(a) is clear-it wanted to stop collection efforts for all antecedent debts."

While the County attempts to distinguish *Lusardi* by extrapolating from the sale date mentioned in the case to argue that the right of redemption had not expired, the expiration of the right of redemption neither appears in the decision nor is discussed as a basis for the Ninth Circuit's ruling. Instead, the Ninth Circuit based its decision on § 362(a)(4)'s prohibition against enforcement of liens post-petition. *Id.* at 1080.

*Tracht Gut,* 503 B.R. at 812, did not need to address the effect of §§ 362(a)(4) and (6) since in that case, unlike here, the property was sold *before* the petition date. As such, the lien had already been fully enforced prepetition, and § 362(a)(4) was not applicable. Similarly, there were no collection activities as the lien had been

satisfied, so § 362(a)(6) also did not apply. All that remained for the sale to be complete was the recordation of the deed of sale, which the B.A.P. found was a ministerial act in that context as discussed more fully below. *Id.* at 811.

## B. Debtor Retained Real Property Interests in the Property on the Petition Date

■ Although the County clearly violated the automatic stay under § 362(a)(4) and (6), the court also finds the County violated the automatic stay under § 362(a)(3), which prohibits acts to take possession or control of property of the estate. On the petition date, it is undisputed that Debtor held legal title, physical possession, and an interest in proceeds from the Sale if the Property was not sold during the tax auction. These rights were unaffected by the expiration of Debtor's right of redemption contained in Tax Code § 3707(a)(1). These were of course the same rights held by the debtor in *Lusardi,* 329 F.3d at 1080, even if the right of redemption had expired.

All rights held by Debtor on the petition date became property of the estate under § 541 on the petition date. *See United States v. Whiting Pools,* 462 U.S. 198, 204, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) ("Congress intended a broad range of property to be included in the estate," including debtor's rights to recover property seized by the IRS where title had not yet transferred until the tax sale was concluded). Until the Sale, Debtor retained rights in the Property because equitable and legal title had not transferred. *See Rodgers v. Cty. of Monroe (In re Rodgers),* 333 F.3d 64, 68 (2d Cir.2003) ("It is axiomatic that defendants' title and right to possession of the mortgaged premises ... continued until the equity of redemption was extinguished at the foreclosure sale.");

*Tracht Gut,* 503 B.R. at 818 ("[d]ebtor did not redeem the Properties prior to the sales" and "the transfer of the Properties in this case at the sales on October 22, 2012" was before the petition date).

This full complement of real property rights that Debtor retained on the petition date despite the contingent expiration of the redemption right under Tax Code § 3707(a)(1), is quite different from the debtor in *Eden Place, LLC v. Perl (In re Perl),* 811 F.3d 1120, 1130 (9th Cir.2016) relied upon by the County. The debtor Perl did not hold any legal or equitable rights in the real property itself when he filed bankruptcy because state law had "bestowed legal title and all rights of possession upon Eden Place." *Id.* at 1129. At the time of the filing of the bankruptcy petition, Perl held illegal possession of the property in question and a litigation claim to set aside the foreclosure, neither of which amounted to an equitable right of possession under California law. *Id.* at 1128. These rights under California law were insufficient to trigger the automatic stay to prevent the landlord's eviction of Perl, as the landlord held superior rights to possession than the debtor held under California law. *Id.* at 1130. The foreclosure sale in *Perl,* unlike here, had occurred by the time of the petition, so like the county in *Tracht Gut,* Eden Place's actions were not an action to enforce a lien or an action to collect a debt. *Id.* at 1123. *See also Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi),* 764 F.3d 1168, 1170 (9th Cir.2014) (debtors lack standing to claim damages for a creditor's violation of the automatic stay under § 362(a)(3) because debtors do not have the right to possess or control property of the estate, and the stay was inapplicable after the property became exempt). In *Mwangi, id.* at 1172, § 362(a)(3)was again the only applicable stay provision because the bank was not trying to collect a debt.

## C. The Redemption Right Was Revivable and Amounted to a Viable Property Right on the Petition Date

■ In addition to Debtor's remaining ownership and possessory rights discussed above, Debtor also had a contingent right of redemption under state law that separately triggered the automatic stay of § 362(a)(3). *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."). Although Debtor's right of redemption under Tax Code § 3707(a)(1) had expired, it was subject to revival under other applicable subsections of the Tax Code: § 3693.1 (redemption revives upon forfeiture of the purchaser's deposit), § 3706.1 (redemption revives upon postponement of the sale), § 3707(a)(2) (redemption revives upon failure of purchaser to meet credit transaction terms), and § 3707(d) (redemption revives if the property is not sold at the scheduled auction). These contingent redemption rights existed when Debtor filed bankruptcy and became property of the bankruptcy estate. *In re Gallardo,* 35 B.R. 321, 322 (Bankr.N.D.Ohio 1983) (contingent rights become property of the estate).

Debtor retained these revival rights until the Sale as was recognized by the County. The declaration of Karen Vogel, the Imperial County Treasurer–Tax Collector ("Vogel"), avers that on December 23, 2015, a Notice of Sale was sent to Debtor which stated his right of redemption would terminate at 5:00 p.m. on the last business day prior to the start of the scheduled sale. The Notice further provided; "If the property is not sold, the right of redemption will *revive* up to the close of business of the last business prior to the next scheduled sale" (emphasis added).

■ The County contends that the contingent revival of the right of redemption

set forth in Tax Code § 3707(d) is not property of the estate because the contingency is not in the Debtor's control. It cites no law for this proposition. In fact, property of the bankruptcy estate encompasses conditional, future, speculative and equitable interests of debtors regardless of who controls them. *See In re Flippin,* 334 B.R. 434, 436 (Bankr.W.D.Ark.2005), *aff'd in part, supplemented in part, Clark v. Flippin,* No. 05–3066, 2006 WL 2850046, at *4, 2006 U.S. Dist. LEXIS 71739, at *11 (W.D.Ark. Sept. 29, 2006) (a debtor's recognizable, inchoate dower interest in her husband's real property, which was contingent upon her husband's death during her lifetime, was property of the estate as it was an interest in property, despite the fact that she could not legally control her husband's death); *In re Jones,* 487 B.R. 224, 229 (Bankr.D.Ariz.2012), *aff'd, Jones v. Mullen (In re Jones),* 2014 WL 465631, at *5, 2014 Bankr LEXIS 488, at *15 (9th Cir. BAP 2014) (a debtor's grandmother executed a beneficiary deed in favor of the debtor, conveying property upon her death, and died three days after filing of petition; the debtor had a contingent interest in property that rendered it property of the estate pursuant to § 541(a)(1) even though the grandmother could have revoked the deed before her death). Control by the debtor over the property rights is clearly not a prerequisite to the status of property rights as property of the estate.

Because Debtor had valuable property rights on the day it filed bankruptcy under state law which were only in part contingent, the court finds the Sale violated § 362(a)(3), (a)(4) and (a)(6) and should be set aside by the County.

## D. The County's Discretion Regarding the Conduct of the Sale Eliminated the Ministerial Act Exception to the Automatic Stay

Despite the court's conclusion that the County violated several sections of the automatic stay by proceeding with the Sale post-petition, it must still consider whether the ministerial act exception to the automatic stay applies. This exception was announced in *McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Pettit),* 217 F.3d 1072, 1080 (9th Cir.2000) ("[A] judicial 'proceeding' within the meaning of section 362(a) ends once a decision on the merits has been rendered. Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding.").

*Tracht Gut,* 503 B.R. at 812, applied the ministerial act exception to validate a pre-petition tax sale even though the deed was not recorded until post-petition. Relying upon Tax Code § 3708.1, the B.A.P. concluded that after execution of the tax sale and payment of the purchase price, the tax collector is commanded to record the deed, leaving it no discretion on this issue. *Id.*

■ In contrast, here the County was not faced with a mandate to conduct the Sale after Debtor filed bankruptcy. In fact, it had a wealth of discretionary authority to postpone, or the change the terms of, the Sale under numerous provisions of the Tax Code:

— Under Tax Code § 3698.8, the County could remove any property from auction after the redemption period expires if "removal is in the best interest of the county." The County admits it has exercised this discretion before.

— Under Tax Code § 3706.1(a), the County can postpone a tax sale or any portion of tax sale upon issuance of a notice of postponement.

— Under Tax Code § 3693(a), the County can require a deposit, and

determine the method of payment and amount of the deposit.

— Under Tax Code § 3693, the County can accept cash or deferred payment, including determination of the due date for the deferred payments.

— Under Tax Code § 3692.2, the County can change how to conduct the bidding.

— Under Tax Code § 3707, the County can stop the auction and accept a credit sale.

— Under Tax Code § 3694, the County can disapprove or stop a sale upon knowledge of a debtor's bankruptcy.

The court is not persuaded by the County's argument that this discretion was placed in legal counsel rather than in Vogel. Whatever branch of County administration may hold sway over the exercise of this statutory discretion does not change the fact that the decision to conclude the Sale is discretionary, and the County's Tax Collector's delegation of that authority to its legal counsel does not divest it of the authority provided. This wide range of discretionary rights held by the County precludes the court from finding that the ministerial act applies, so the Sale is not saved by this exception and is void.

### III.  *Conclusion*

*Tracht Gut* should be limited to its facts and not applied where a property is sold in a tax sale post-petition. To extend *Tracht Gut*'s holding to the facts here would require that the court ignore controlling Ninth Circuit and statutory authority to the detriment of valuable property rights held by the Trustee. Regardless of whether the redemption right was revivable or not, the Sale was void because collection and lien enforcement efforts must cease on the date of bankruptcy.

The County's motion for a comfort order is denied.

IT IS SO ORDERED.