NOT FOR PUBLICATION

FILED

DEC 06 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   SC-16-1419-SAKu |
| RW MERIDIAN LLC, | Bk. No.   3:16-bk-00629 |
| Debtor. | |
| COUNTY OF IMPERIAL TREASURER-TAX COLLECTOR, | |
| Appellant, | |
| v. | MEMORANDUM[*] |
| RW MERIDIAN, LLC; RONALD E. STADTMUELLER, Trustee, | |
| Appellees. | |

Argued and Submitted on November 30, 2017
at Pasadena, California

Filed – December 6, 2017

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

Appearances:    Laurel Lee Hyde of Schwartz Hyde & Garfield argued for appellant; Brian A. Kretsch argued for appellee Ronald E. Stadtmueller, Trustee.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: SPRAKER, ALSTON** and KURTZ, Bankruptcy Judges.

## INTRODUCTION

The Imperial County Treasurer-Tax Collector appeals from an order authorizing the chapter 7[1] trustee to sell real property encumbered by Imperial County's tax lien. As a result of the bankruptcy sale, the tax lien has been paid in full.

Because Imperial County lacks standing, we must DISMISS this appeal.

## FACTS

The facts and procedural history set forth below are undisputed. RW Meridian owned 58.53 acres of undeveloped land located in Imperial County, California. In order to satisfy roughly $167,000 in delinquent property taxes, Imperial County scheduled an auction of the property to commence on Saturday, February 6, 2016.

Although the auction duly commenced on that date, it was not completed until Tuesday, February 9, 2016, when Imperial County accepted the winning bid of American Pacific Investments, LLC in the amount of $343,000. In the interim, on Monday, February 8, 2016, RW Meridian filed its chapter 7 petition.

Imperial County believed that, by virtue of the scheduled auction, RW Meridian's interest in the property was extinguished under California law at 5:00 p.m. on Friday, February 5, 2016.

---

** Hon. Christopher M. Alston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

Even so, on Thursday, February 11, 2016, Imperial County filed a precautionary relief from stay motion to confirm that RW Meridian and its bankruptcy estate had no interest in the property at the time of its bankruptcy filing. The bankruptcy court disagreed with Imperial County, denied relief from the stay, and further held that the tax sale completed postpetition was void as a violation of the stay. In re RW Meridian LLC, 553 B.R. 807, 814 (Bankr. S.D. Cal. 2016).

On appeal from the ruling declaring the tax sale void, we affirmed. Cnty. of Imperial Treasurer-Tax Collector v. Stadtmueller (In re RW Meridian LLC), 564 B.R. 21, 25 (9th Cir. BAP 2017). Agreeing with the bankruptcy court, we held that, at the time of its petition filing, RW Meridian still had both legal and equitable interests in the property. Thus, we also concluded that the postpetition completion of the tax sale was void. Imperial County has appealed our affirmance to the Ninth Circuit Court of Appeals (Court of Appeals Dkt. No. 17-60020). That appeal is still pending.

In October 2016, while Imperial County's relief from stay appeal was still pending before this panel, Ronald E. Stadtmueller, as trustee of RW Meridian's chapter 7 bankruptcy estate, filed a motion to sell the property. In his motion, Stadtmueller proposed to sell the property to third parties James and Leann Lin for $500,000. Imperial County and American Pacific Investments both opposed Stadtmueller's proposed sale based on the tax sale that the bankruptcy court (and later this Panel) declared void.

At the hearing on the sale motion, the bankruptcy court

3

overruled Imperial County's and American Pacific's objections. In essence, the bankruptcy court held that all of their key objections were premised on a tax sale that the court already had declared void.

More importantly for this appeal, the bankruptcy court pointed out that Imperial County's tax lien was going to be satisfied either way. The bankruptcy court's sale order specifically provided either for payment of Imperial County's tax lien through the sale escrow or for its lien to attach to the sale proceeds. Imperial County has admitted on appeal that it has received full payment of its tax lien from Stadtmueller.[2]

The bankruptcy court entered its order approving the sale of the property on November 29, 2016, and Imperial County timely appealed.[3]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(N), and we have jurisdiction under 28 U.S.C. § 158, subject to the standing discussion set forth below.

## ISSUE

Does Imperial County have standing?

## STANDARDS OF REVIEW

We review de novo whether Imperial County has standing. See Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 687

---

[2] Counsel for Imperial County confirmed this fact at oral argument.

[3] American Pacific Investments also appealed the sale order, but it later voluntarily dismissed its appeal.

4

(9th Cir. BAP 2010).

**DISCUSSION**

Stadtmueller has filed a motion to dismiss this appeal, asserting that the appeal is moot and Imperial County lacks standing. Imperial County has opposed the motion. We address the standing issue first.

**A. Standing Issue**

In order to determine whether Imperial County has standing we must consider both constitutional and prudential standing doctrines. Constitutional standing is derived from the case and controversy requirement of Article III of the Constitution and requires a plaintiff to demonstrate "injury in fact, causation and redressability." Republic of Marshall Islands v. United States, 865 F.3d 1187, 1199 (9th Cir. 2017) (citing Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1386 (2014)). On the other hand, prudential standing, is a set of "'judicially self-imposed limits on the exercise of federal jurisdiction.'" Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011) (quoting Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 289 (2008)).

Imperial County bears the burden of establishing both constitutional standing and prudential standing. In re Veal, 450 B.R. at 907 n.11. At its core, the standing inquiry, in all its forms, "is an inherently factual inquiry into the nature of the rights asserted." Id.

**1. Constitutional Standing**

In order to satisfy the "injury in fact" element of

5

constitutional standing, Imperial County must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Bishop Paiute Tribe v. Inyo Cnty., 863 F.3d 1144, 1153 (9th Cir. 2017) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). To establish causation, Imperial County needs to show that its injury is "fairly traceable" to the challenged action – in this instance, the bankruptcy court's sale order. See Lujan, 504 U.S. at 560. And finally, to prove redressability, Imperial County has to persuade us that a favorable decision by this panel likely would redress its injury. Id. at 560-61.

Here, Imperial County has not identified any particularized or concrete injury arising from the bankruptcy court's sale order. To the contrary, Imperial County has admitted on appeal that its lienholder interest in the subject property has been fully satisfied from the proceeds of the court-approved sale. This admission also undermines any attempt by Imperial County to show causation. The sale order did not cause Imperial County any injury as a lienholder because the sale order directly resulted in Imperial County being paid in full. For the same reason, Imperial County cannot show redressability. It is axiomatic that you cannot redress an injury that does not exist. See C. Wright, A. Miller & E. Cooper, 13A F. Prac. & Proc. Juris., § 3531.4 (3d ed. 2017) ("a remedy addressed to actions that have not caused the injury will not alleviate the injury").

Imperial County posits that it has an independent, institutional interest as a taxing authority that has been

6

injured by the sale order because that order conflicts with the prior tax sale of the same property. Furthermore, Imperial County claims that the sale order indirectly threatens other, future tax sales by way of the precedent it sets. The sale order does no such thing. Imperial County is conflating the impact of the sale order with the impact of the bankruptcy court's order denying relief from stay. The relief from stay denial order declared void the prior tax sale. As a result of that order, the tax sale never occurred. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992) (holding that actions taken in violation of the automatic stay are void). Thus, by the time Stadtmueller filed his sale motion, there was no tax sale to interfere with.[4]

Imperial County nonetheless insists that, as long as it has an appeal pending from the relief from stay denial order, there

---

[4] We are aware that, in each of its appeals, and in every court, Imperial County has been unsuccessful in obtaining a stay pending appeal. The courts repeatedly have denied its stay motions because it has not shown a likelihood of success on the merits. In addition, we understand that Imperial County's arguments regarding its institutional interest in clarifying the efficacy of its tax sale procedures against the filing of a bankruptcy petition might be pertinent to mootness and standing issues raised in its Ninth Circuit appeal from the relief from stay denial order. We express no opinion on the merits of these arguments with respect to the Ninth Circuit appeal. We also understand that, in large part, the appeal from the sale order appears to have been aimed at protecting and preserving whatever rights it might have to prosecute its Ninth Circuit appeal. Indeed, Imperial County has suggested that the decision in this appeal simply be stayed pending resolution of the Ninth Circuit appeal on the relief from stay motion. This fails, however, to alter our conviction that Imperial County's institutional interest in clarifying the efficacy of its tax sale procedures is not implicated by the sale order at issue.

7

is a chance the tax sale might be reinstated. It argues that its interest in a potentially-reinstated tax sale, on a lien for which it has already been paid in full, was injured by the sale order. This alleged injury is not an injury in fact for standing purposes. As stated above, an injury in fact must be "actual or imminent, not conjectural or hypothetical." Bishop Paiute Tribe, 863 F.3d at 1153. Given that its interest in a potentially-reinstated tax sale only will arise if it prevails in its Ninth Circuit appeal from the relief from stay denial order, its injury is hypothetical.

Imperial County's argument also is based on a false legal premise. It assumes that the relief from stay denial order is ineffective while it is the subject of a pending appeal. This assumption is incorrect. While an appeal is pending, federal judgments and orders are fully effective and enforceable absent a stay pending appeal. Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 190 (9th Cir. 1977).

In sum, Imperial County has not established that it meets the constitutional standing requirements of injury in fact, causation and redressability.

**2.   Prudential Standing – Standing to Appeal**

Even if we somehow could conclude that Imperial County has constitutional standing, it also would need to show standing to pursue a bankruptcy appeal. This facet of prudential standing often is referred to as the "person aggrieved" standard: an appellant seeking appellate review of a bankruptcy court's judgment or order must be a "person aggrieved" by the order appealed. Lehman Commercial Paper, Inc. v.  Palmdale Hills

8

Prop., LLC (In re Palmdale Hills Prop., LLC), 423 B.R. 655, 662 (9th Cir. BAP 2009), aff'd, 654 F.3d 868 (9th Cir. 2011).

Under this standard, only "those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court" have standing to appeal. Id. (quoting Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983)). At bottom, the person aggrieved standard presents a question of fact. Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo), 408 B.R. 280, 299 (9th Cir. BAP 2009) (citing Paine v. Dickey (In re Paine), 250 B.R. 99, 104 (9th Cir. BAP 2000)). Thus, Imperial County needs to show that the order on appeal diminished its property, increased its burdens or otherwise detrimentally affected its rights. See In re Fondiller, 707 F.2d at 442-43.

Imperial County cannot show that its pecuniary interests have been directly and adversely affected by the bankruptcy court's sale order. Instead, the sale order bestowed a monetary benefit on Imperial County. Imperial County has admitted that as a result of the sale order its tax lien has been paid in full. In fact, Imperial County has conceded that it has no direct pecuniary interest at stake in this appeal:

> The County does not have to be at risk of monetary harm to have an interest in the appeal. The County has never argued that it is at risk of not being paid, but that it has a vital interest in establishing the validity of its official actions, not only in connection with this particular sale but as to all future sales.

Response In Opposition to Appellee's Motion to Dismiss Appeal,

9

BAP Dkt. No. SC-16-1419, Doc. No 24, p. 19.[5]

As for Imperial County's argument regarding its "vital interest in establishing the validity of its official actions," we already addressed and rejected this argument as part of our consideration of constitutional standing. The sale order did nothing to any such interest. It was the relief from stay denial order that potentially impacted this interest. In any event, by its own admission, Imperial County's interest in its official actions was not a pecuniary interest directly and adversely affected by the sale order.

Accordingly, Imperial County lacks standing, and this appeal must be dismissed.

**B.     Mootness Issue**

Because we have concluded that Imperial County lacks standing, we decline to address the mootness issue.

CONCLUSION

For the reasons set forth above, we DISMISS this appeal for lack of standing.

---

[5] Counsel for Imperial County confirmed this position at oral argument.