**ORDERED PUBLISHED**

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  SC-16-1227-JuFY |
| | ) | |
| RW MERIDIAN LLC, | ) | Bk. No.  16-00629-MM7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| COUNTY OF IMPERIAL TREASURER- | ) | |
| TAX COLLECTOR, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| RONALD E. STADTMUELLER, | ) | |
| Trustee; RW MERIDIAN LLC, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on January 19, 2017
at San Diego, California

Filed - February 3, 2017

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

_____

Appearances:    Laurel Lee Hyde, Schwartz Hyde & Sullivan, LLP,
argued for appellant County of Imperial
Treasurer-Tax Collector; Richard Girgado, Office
of the County Counsel, County of Los Angeles,
argued for Amici The California State Association
of Counties and The California Association of
County Treasurers and Tax Collectors; Brian A.
Kretsch argued for appellee Ronald E.
Stadtmueller, chapter 7 trustee.

Before:  JURY, FARIS, and YUN,[*] Bankruptcy Judges.

_____

[*]  Hon. Scott H. Yun, United States Bankruptcy Judge for the
Central District of California, sitting by designation.

JURY, Bankruptcy Judge:

Appellant, County of Imperial Treasurer-Tax Collector (County), scheduled a tax sale of real property owned by RW Meridian, LLC (Debtor) by an internet auction on February 6, 2016, due to the non-payment of taxes. Under Cal. Rev. & Tax Code (Tax Code) § 3707(a)(1), Debtor's right to redeem the tax defaulted property expired at 5:00 p.m. on Friday, February 5, 2016. Debtor's right to redeem lapsed and the sale by auction began as scheduled.

On February 8, 2016, Debtor filed a chapter 7[1] petition. Aware of Debtor's filing, the County completed the auction on February 9, 2016, by selling the property to the highest bidder for $343,000. The County then filed a motion for a comfort order,[2] asserting that the automatic stay was not applicable to its postpetition acts under Tracht Gut, LLC v. County of Los Angeles (In re Tracht Gut, LLC), 503 B.R. 804 (9th Cir. BAP 2014), aff'd, 836 F.3d 1146 (9th Cir. 2016), since Debtor's right to redeem the property lapsed prepetition.

The bankruptcy court disagreed that Tracht Gut was binding precedent under these circumstances. The court found that

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] "A 'comfort order' is a bankruptcy term of art for an order confirming an undisputed legal result, and often is entered to confirm that the automatic stay has terminated." In re Hill, 364 B.R. 826, 829 n.3 (Bankr. M.D. Fla. 2007).

although Debtor's right to redeem the property had expired prepetition, Debtor still held valuable rights in the property at the time of its bankruptcy filing, including title, possession, and contingent redemption rights. Accordingly, the bankruptcy court found that the property was property of Debtor's estate under § 541. As a result, the court concluded that the County's postpetition completion of the tax sale violated § 362(a)(3), (4), and (6) and thus was void. The court entered an order denying the County's motion for a comfort order. This appeal followed.

For the reasons set forth below, we agree with the bankruptcy court's conclusion that Tracht Gut did not address a circumstance where the redemption rights had lapsed but the sale had not been completed prior to the bankruptcy filing. Therefore, its holding is not binding under the facts of this case. We hold that the County's postpetition completion of the sale violated the automatic stay under § 362(a)(3), (4), and (6). Accordingly, we AFFIRM.

## I.  FACTS

### A.  Prepetition Events

The underlying facts are undisputed. As of February 6, 2016, Debtor was the owner of 58.53 acres of unimproved land located in Imperial County, California. Debtor had not paid the property taxes for more than five years and was delinquent in the approximate amount of $167,000. As a result, the tax collector scheduled the property for sale by auction commencing on Saturday, February 6, 2016. By statute, Debtor's right to redeem the property expired at 5:00 p.m. on Friday, February 5,

2016. Debtor's right to redeem lapsed and the auction began on February 6, 2016, as scheduled.

**B.    Postpetition Events**

On February 8, 2016, Debtor filed a chapter 7 petition. Appellee, Ronald E. Stadtmueller, was appointed the chapter 7 trustee (Trustee). Aware of the bankruptcy filing, the County, relying on the Panel's decision in Tracht Gut, completed the auction postpetition by selling the property to the highest bidder for $343,000.

On February 11, 2016, the County filed a motion for a comfort order requesting confirmation that the completion of the auction had not violated the automatic stay and that the further act of recording the tax deed would not be a stay violation as it was a "ministerial act." Trustee opposed, contending that the property was property of the estate which he could administer for the benefit of the creditors and estate. After a hearing and further briefing, the bankruptcy court took the matter under submission.

On July 5, 2016, the bankruptcy court issued its decision in In re RW Meridian LLC, 553 B.R. 807 (Bankr. S.D. Cal. 2016). The court concluded that it was not bound by the holding in Tracht Gut because in that case both the debtor's right to redeem expired and the sale occurred prepetition and all that was left in the sale process was the recording of the tax deed. The bankruptcy court reasoned that until the sale, Debtor retained rights in the property because equitable and legal title had not transferred. The bankruptcy court also found that Debtor had a contingent right of redemption under California

-4-

law, which became property of the estate. Finally, the bankruptcy court held that the County's discretion regarding the conduct of the sale eliminated the ministerial act exception to the automatic stay.

Relying on the broad reach of the automatic stay espoused in 40235 Washington Street Corp. v. W.C. Lusardi (In re Lusardi), 329 F.3d 1076 (9th Cir. 2003), and other case law, the bankruptcy court found the sale violated § 362(a)(3), (4), and (6) and thus was void. The court denied the County's motion for a comfort order and entered an order consistent with its decision. The Country filed a timely notice of appeal from that order.

**C.   Post-appeal Events**

The County then filed an emergency motion for a stay pending appeal. Trustee opposed, contending that he had received an offer from third parties to purchase the property for $500,000, an amount which would satisfy all claims in the bankruptcy case, including the County's tax lien. According to Trustee, this was the third offer he had received and any further delay would impede the sale of the property. A motions panel denied the stay motion.

On October 14, 2016, the California State Association of Counties and the California Association of County Treasurer and Tax Collectors filed a motion for leave to file an Amicus Brief. The parties contended that the issue involved in this appeal was "vital to the administration of property tax collection" and that the decision, "if sustained," would "seriously impair the ability of counties and their tax collectors to ensure the

-5-

collection of real property taxes [and] subject the counties to a finding by the courts that they violated the automatic stay."

Around the same time, Trustee filed an objection to Melissa Johnson's declaration, which was included in the County's appendix and not part of the record on appeal. The County submitted Ms. Johnson's declaration to "remove any uncertainty as to the relevant dates of the events" in Lusardi, since the bankruptcy court found that the facts in this case were "nearly identical" to those in Lusardi.[3] Although Lusardi involved a postpetition tax sale, the County submitted Ms. Johnson's declaration to show that the debtor had filed a chapter 11 petition prior to the expiration of its redemption right. Ms. Johnson, the Chief Deputy Treasurer-Tax Collector for Riverside County, authenticated the tax records associated with the real property in the Lusardi case showing the sequence of events. In its opening brief, the County asked the Panel to take judicial notice of those tax records.

A motions panel granted the motion for leave to file the Amicus Brief and accepted it for filing, sustained Trustee's

---

[3] We do not read the bankruptcy court's decision as finding Lusardi "almost identical" to the facts here. Rather, the court cited Lusardi to demonstrate the breadth of the automatic stay under § 362(a)(4) as applied to a postpetition tax sale. In any event, as in Tracht Gut, Lusardi does not discuss a debtor's property interests after the expiration of its right to redeem but before a sale. Therefore, the case does not control the outcome here.

-6-

objection to Ms. Johnson's declaration, and denied the County's request for judicial notice.[4]

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Whether the bankruptcy court erred in finding that Debtor had various interests in the property on the petition date despite the expiration of its right to redeem;

B. Whether the bankruptcy court erred in finding that the County's postpetition sale of the property violated § 362(a)(3) and (4); and

C. Whether the bankruptcy court erred in finding that the County's action violated § 362(a)(6) as an act to collect a claim against Debtor.

## IV. STANDARD OF REVIEW

The standard of review for the issues raised in this appeal is de novo. Whether an asset is estate property and whether the automatic stay is applicable to a particular situation are conclusions of law reviewed de novo. Groshong v. Sapp (In re

---

[4] Generally, a merits panel is not bound by the decisions of a motions panel. Stagecoach Utilities, Inc. v. Cty. of Lyon (In re Stagecoach Utilities, Inc.), 86 B.R. 229, 230 (9th Cir. BAP 1988). We see no reason to deviate from the decision made by the motions panel denying the County's request for judicial notice and sustaining the objection to Ms. Johnson's declaration. The declaration was not in the record relied upon by the bankruptcy court and therefore requesting judicial notice of the declaration is an improper augmentation of the trial record.

-7-

Mila, Inc.), 423 B.R. 537, 542 (9th Cir. BAP 2010). We also review the bankruptcy court's interpretation of state law de novo. Mele v. Mele (In re Mele), 501 B.R. 357, 362 (9th Cir. BAP 2013). "De novo review requires that we consider a matter anew, as if no decision had been rendered previously." Id.

## V. DISCUSSION

**A. The Automatic Stay: § 362(a)(3) and (4)**

The scope of the automatic stay is quite broad. Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993). It stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and also "any act to . . . enforce any lien against property of the estate." § 362(a)(3), (4).

When Debtor filed its bankruptcy petition, the automatic stay took effect. § 362(a). It is undisputed that the County continued the auction and sold Debtor's property postpetition to the highest bidder. A postpetition sale of property generally falls within the scope of § 362(a)(3) and (4). Actions taken in violation of the automatic stay are void. In re Lusardi, 329 F.3d at 1084; Schwartz v. United States (In re Schwartz), 954 F.2d 569, 575 (9th Cir. 1992).

However, when a debtor is completely divested of all legal and equitable rights in property prior to the filing of its petition, the automatic stay is inapplicable and there is no need for a creditor to seek relief from the automatic stay. See Eden Place, LLC v. Perl (In re Perl), 811 F.3d 1120, 1127-28 (9th Cir. 2016). In Perl, prior to the debtor's bankruptcy

-8-

filing, a nonjudicial foreclosure sale had occurred, the trustee's deed was timely recorded, and the purchaser at the sale had obtained an unlawful detainer judgment and writ of possession. These events collectively terminated the debtor's legal title and right of possession in the property prepetition under California law. As a result, the Ninth Circuit held that the purchaser of the property did not violate the automatic stay by evicting the debtor after he filed for bankruptcy.

From this holding, it follows that a debtor's right to the protection of the automatic stay is dependent upon § 541(a)(1), which provides that a bankruptcy estate succeeds only to "legal or equitable interests of the debtor . . . as of the commencement of the case." The nature and extent of the debtor's interests in property must be determined by nonbankruptcy law. Butner v. United States, 440 U.S. 48, 54–55 (1979). Here, California law applies. Since the sale of tax-defaulted property in California is governed by statute, we examine the statutory scheme to determine when Debtor's equitable and legal interests in the underlying property terminate during the tax sale process.

### 1. California's statutory scheme for tax sales

Taxes on real property are secured by and serve as a lien on the real property for which they are assessed. Secured property taxes that remain unpaid at the close of the fiscal year (June 30) are deemed to be in default. Tax Code § 3436. Properties which have been tax defaulted for a minimum of five

-9-

years[5] are subject to the county tax collector's power to sell them to satisfy the outstanding defaulted taxes. Tax Code § 3691. Sale is to the highest bidder at a public auction. Public auction includes the internet. Tax Code § 3693. Various notices and publication are required prior to the tax sale. Tax Code §§ 3351, 3361, 3371, 3701, 3704.7.

For tax sales, the "'Date of the sale' means the date upon which a public auction begins." Tax Code § 3692.1(b). This definition has relevance to the expiration of a debtor's right to redeem. Tax Code § 4101 states: "Tax defaulted property may be redeemed until the right of redemption is terminated." To redeem the property the total amount of all prior year defaulted taxes must be paid, together with the penalties, costs, and fees. Tax Code § 4102.

The termination of the redemption period, the circumstances under which the right to redeem revives, and when the sale is complete are governed by Tax Code § 3707 which provides in relevant part:

(a)(1) The right of redemption terminates at the close of business on the last business day prior to the **date of the sale**. (Emphasis added)

(2) If the tax collector approves a sale as a credit transaction and does not receive full payment on or before the date upon which the tax collector requires pursuant to Section 3693.1, the right of redemption is revived on the next business day following that date.

. . .

(c) The sale shall be deemed complete when full payment has been received by the tax collector.

---

[5] For nonresidential commercial property, the period is three years. Tax Code § 3691.

(d) The right of redemption revives if the property is not sold.

When the sale is "deemed" complete (i.e., the full purchase price has been paid) a debtor's right to redeem the tax-defaulted property will not revive under Tax Code § 3707(a)(2) and (d). When the sale is complete, the tax collector executes a deed to the purchaser. Tax Code § 3708. The tax deed "conveys title to the purchaser free of all encumbrances of any kind existing before the sale" with certain exceptions set forth in the statute. Tax Code § 3712.

**2. Under California law, Debtor's equitable and legal interests in the underlying property were not divested upon the expiration of Debtor's right to redeem.**

Although Debtor's right to redeem the property lapsed prepetition, Debtor's right to redeem the property is a distinct property right from its legal and equitable interests in the property. See Harsh Inv. Corp. v. Bialac (In re Bialac), 712 F.2d 426, 431 (9th Cir. 1983) ("[P]re-foreclosure right to redeem is a property right under [§] 541. . . ."). As previously noted, while § 541 is very broad, the existence and scope of a debtor's interest in a given asset is determined by state law. As discussed below, under California law, the lapse of Debtor's redemption right did not terminate its legal and equitable title to the property which remained with Debtor on the petition date.

Although the Tax Code provides that legal title to the tax-defaulted property transfers after a sale with the recording of the tax deed, the statutory scheme does not specify at what point in the process equitable title to the real property

-11-

transfers to the purchaser during the sale process. To answer this question, we look to California law.

In ordinary sales of real property to third parties, California law states that prior to the transfer of legal title, the purchaser of real property under a purchase and sale agreement is said to have "equitable title" and a "beneficial interest" in the property. RC Royal Dev. & Realty Corp. v. Standard Pac. Corp., 177 Cal. App. 4th 1410, 1419 (Cal. Ct. App. 2009) (citing Osborn v. Osborn, 42 Cal. 2d 358, 363 (1954) ("At the time of the execution of the contract of sale, the grantee acquires an equitable title to the estate being sold; the grantor retains the legal title as security for the purchase price. The legal title passes to the grantee at the time of his completion of the conditions precedent . . . .")). "[E]quitable title is a 'beneficial interest,' as it is one stick in the bundle of full legal rights to real property." RC Royal Dev., 177 Cal. App. 4th at 1419.

In an involuntary sale such as foreclosure, equitable title is transferred to the purchaser at the foreclosure auction with acceptance of the highest bid and it is at that time a trustee's sale is "complete." See In re Richter, 525 B.R. 735, 745 (Bankr. C.D. Cal. 2015) (citing Nguyen v. Calhoun, 105 Cal. App. 4th 428, 441 (Cal. Ct. App. 2003) ("[a]s a general rule, a trustee's sale is complete upon acceptance of the highest bid")); see also In re Engles, 193 B.R. 23, 26 (Bankr. S.D. Cal. 1996) ("When a purchaser receives equitable title at a [foreclosure] sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the

-12-

stay to allow the equitable owner to gain legal title.").

Applying these principles to the facts of this case, we conclude that Debtor was not divested of its legal or equitable interests in the underlying property by operation of law upon the expiration of its right to redeem. Rather, before Debtor's equitable interests in the property could transfer, the tax sale process required the County to hold an auction and, at the very least, accept the highest bid, or at most, also receive the purchase price before the sale could be considered "complete." See Tax Code § 3707(c) (stating that a tax sale is not complete until the purchase price has been paid in full which is a later point in time than in a foreclosure sale when it is the acceptance of the highest bid which passes equitable title). Here, neither the auction nor acceptance of the highest bid was accomplished prepetition. Therefore, under California law, no transfer of Debtor's legal and equitable interests in the property had occurred by the petition date.[6] Furthermore, Debtor remained in rightful possession of the property at all times.

Both parties relied heavily on United States v. Whiting Pools, Inc., 462 U.S. 198, 204 n.8 (1983), for their respective positions. There, the Supreme Court explained:

> Section 541(a)(1) speaks in terms of the debtor's 'interests . . . in property,' rather than property in

_____

[6] To the extent the County argues that Debtors's equitable interests expired upon termination of its redemption rights, this argument leaves a void. Until a buyer was identified in a completed sale, there is no party other than Debtor which would hold that equitable interest. The County as a secured creditor certainly could not claim the interest. Therefore, it must remain with Debtor.

-13-

which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title. See 124 Cong. Rec. 32399, 32417 (1978) (remarks of Rep. Edwards); id., at 33999, 34016-34017 (remarks of Sen. DeConcini); cf. § 541(d) (property in which debtor holds legal but not equitable title, such as a mortgage in which debtor retained legal title to service or to supervise servicing of mortgage, becomes part of estate only to extent of legal title); 124 Cong.Rec. 33999 (1978) (remarks of Sen. DeConcini) (§ 541(d) 'reiterates the general principle that where the debtor holds bare legal title without any equitable interest, . . . the estate acquires bare legal title without any equitable interest in the property'). Similar statements to the effect that § 541(a)(1) does not expand the rights of the debtor in the hands of the estate were made in the context of describing the principle that the estate succeeds to no more or greater causes of action against third parties than those held by the debtor. See H.R.Rep. No. 95-595, pp. 367-368 (1977). These statements do not limit the ability of a trustee to regain possession of property in which the debtor had equitable as well as legal title.

This discussion, contained in a footnote, does not help the County. As discussed, under California law, Debtor had an equitable interest in the property as well as legal title on the petition date. None of the provisions of the Tax Code governing tax sales indicate that the expiration of the right to redeem divested Debtor of those interests. Further, if Debtor had no equitable interest, under § 541(d) the estate would acquire bare legal title even without any equitable interest in the property. In sum, on the petition date, Debtor's legal and equitable interests in the property were property of its estate.

**3. The sale occurred postpetition.**

The County also argues that the bankruptcy court erred in concluding that the tax sale occurred postpetition. According

-14-

to the County, Tax Code § 3692.1 defines the "Date of the sale" as the date the auction is commenced. Therefore, although the sale was completed postpetition within the meaning of Tax Code § 3707(c) (i.e., the purchase price was paid in full), the County maintains that the date of the sale was February 6, 2016, two days before the petition was filed. Under this reasoning, the automatic stay is inapplicable because all the events that occurred after the petition date relate back to the commencement of the auction which occurred prepetition. We are not persuaded.

"Statutory definitions control the meaning of statutory words . . . in the usual case." Lawson v. Suwanee Fruit & Steamship Co., 336 U.S. 198, 201 (1949). And yet statutory definitions must not be read "in a mechanical fashion" that would "create obvious incongruities in the language, and . . . destroy one of the major purposes" of the legislation. Id. Sometimes the "meaning—or ambiguity—of certain words or phrases may only become evident when placed in context." Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132. (2000). The "overall statutory scheme" must be taken into consideration. Id. at 133; (quoting Davis v. Mich. Dep't of Treasury, 489 U.S. 803, 809 (1989)).

Given these directives, we examine the overall statutory scheme and the context in which the term "date of the sale" is used. Tax Code § 3706 states that "[i]f the property is not redeemed before the close of business on the last business day prior to the **date of the sale** of the property, the tax collector shall sell the property at public auction to the highest

-15-

bidder." (Emphasis added). Tax Code § 3707(a)(1) shows that the "date of the sale" definition is again relevant in connection with the expiration of a debtor's right to redeem "on the last business day prior to the **date of the sale**." (Emphasis added). In contrast, Tax Code § 3710 requires that a tax deed contain the "date the property was sold." Read together, these statutes plainly show that the "date of the sale" is not the same as the "date the property was sold."

In short, the statutory definition of "date of the sale" used in context plainly and unambiguously relates to the expiration of a debtor's right to redeem. Accordingly, the "date of the sale" definition provides no basis to make the tax sale valid by providing that the void act relates back to a time before it occurred. See Ma v. Ashcroft, 361 F.3d 553, 558 (9th Cir. 2004) (well-accepted rules of statutory construction require that it avoid "statutory interpretations which would produce absurd results. . . ").

**4.  The County violated § 362(a)(3) and (4).**

In conclusion, Debtor's equitable and legal interests in the property remained intact on the petition date. Those interests, including legal title and possession, were consistent with ownership of the property since the County had not accepted the highest bid nor completed the sale prepetition. Upon the filing of Debtor's petition, those interests became property of the estate subject to the automatic stay. Because the County completed the tax sale postpetition which divested Debtor of those interests, § 362(a)(3) and (4) were violated. The sale was thus void. In re Lusardi, 329 F.3d at 1084; In re Schwartz,

-16-

954 F.2d at 575.

Finally, we cannot conclude the County's postpetition sale fell within the narrow ministerial exception to the automatic stay without stretching the exception beyond its limits. The ministerial acts exception provides that the automatic stay does not prohibit "[m]inisterial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement" on the part of an actor. McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit), 217 F.3d 1072, 1080 (9th Cir. 2000). While the ministerial acts exception to the automatic stay may apply to the recording of a tax deed after a sale was completed prepetition as held in Tracht Gut, completing the sale process by accepting the highest bid is not ministerial.

**B.     Tracht Gut is not controlling authority on the issues before us.**

The County's central argument on appeal is that under the holding in Tracht Gut, all of Debtor's interests in the property lapsed due to the expiration of its right to redeem the property prepetition. We disagree that Tracht Gut is binding precedent under these circumstances.

In Tracht Gut, the county conducted the tax sales of the debtor's properties at public auction prior to the debtor's chapter 11 filing. The properties were sold, and although not specifically recited in the facts of the case, presumably this meant that the purchase price had been paid. More than a month later, the debtor filed its chapter 11 petition. The tax deeds transferring title to the properties to the purchasers were both recorded by the county after the bankruptcy filing.

-17-

The debtor then filed an adversary proceeding asking the bankruptcy court to grant relief on five separate claims pertaining to the sale of the properties, including that the recording of the tax deeds violated the automatic stay. "Debtor claimed that its legal title in the Properties was not extinguished until the tax deeds were recorded. Because this occurred postpetition, Debtor argued that the recordings of the deeds violated the automatic stay under § 362(a)." 503 B.R. at 811.

The county moved to dismiss the complaint under Civil Rule 12(b)(6). With respect to the stay violation, the county argued that since the tax sales occurred prepetition, the properties were not property of the estate under § 541 and thus were not protected by the automatic stay when the debtor's bankruptcy petition was filed. The bankruptcy court agreed that the properties were not property of the estate for purposes of § 541 and also concluded that the post-petition recording of the deeds did not violate the automatic stay as it was solely a ministerial act. The bankruptcy court dismissed the complaint with prejudice.

On appeal, in affirming the dismissal of the debtor's claim for violation of the automatic stay,[7] the Panel noted that (1) the debtor's right of redemption as to the properties lapsed the day before the tax sales occurred under Tax Code § 3707 and (2) "[a] tax deed subsequently provided to a purchaser 'conveys

---

[7] Although the debtor did not argue that the bankruptcy court had erred in dismissing the claim for violation of the automatic stay, the Panel considered the arguments of the county on the issue raised in its brief. Id. at 811.

title to the purchaser free of all encumbrances of any kind'" under Tax Code § 3712.6. Id. at 811. The panel then stated: "Under these facts, since Debtor's interest in the Properties lapsed before it filed for bankruptcy, the Properties never became property of the estate under § 541, and any action by the County concerning those properties would not run afoul of the automatic stay under § 362(a)." Id. at 811-12. Next, consistent with the bankruptcy court's ruling, the Panel found that the recording of the tax deeds postpetition was a ministerial act and, as such, would not violate the automatic stay when, under California law, "the tax collector had no discretion in recording the deed; he instead is commanded to record it." Id. at 812.

The Tracht Gut case is easily distinguished from the circumstances here. There, the redemption period expired and the sale was completed prepetition. The last step in the sale process, the recording of the tax deeds conveying the property, was considered a ministerial act. Therefore, it was the expiration of the right to redeem coupled with the completion of the sale (payment in full of the purchase price) which terminated the debtor's interests in the properties such that the properties did not come into the estate. Under the plain language of Tax Code § 3707, the revival of the debtor's right to redeem under subsections (a)(2) and (d) became moot due to the completion of the sales prepetition.

Moreover, because the tax sale process was virtually completed prepetition and the stay argument was presented in the context of a motion to dismiss under Civil Rule 12(b)(6), Tracht

-19-

Gut does not contain any discussion about the scope of the debtor's property interests after the expiration of the right to redeem. Therefore, it is far from certain that the panel intended the result the County urges. See Brecht v. Abrahamson, 507 U.S. 619, 631 (1993) (where issue was "never squarely addressed," prior rulings do not serve as binding precedent); Webster v. Fall, 266 U.S. 507, 511 (1925) ("[q]uestions which merely lurk in the record . . . are not considered as having been so decided as to constitute precedents"). Accordingly, we do not read Tracht Gut as standing for a "bright line" rule that once redemption rights have expired prepetition, the County is free to take further actions to complete a sale after a bankruptcy petition has been filed without regard to the automatic stay.

**C. Other caselaw cited by the County is neither binding nor persuasive.**

None of the other cases cited by the County in its opening brief are binding or persuasive on the issue before us. The case of In re Fahmi Hammad, No. 2:10-bk-54706-RN (Bankr. C.D. Cal. 2010), contains no discussion regarding the debtor's interests in the property after the right to redeem expires. Rather, the court found that pursuant to § 108, it lacked jurisdiction to set aside a tax sale which had occurred postpetition because the debtor's right to redeem had terminated prepetition. The only issue submitted to the court was the § 108 issue.

We also disagree that the Second Circuit's decision in Rodgers v. County of Monroe (In re Sandralee Rodgers), 333 F.3d

-20-

64 (2d Cir. 2003), is relevant to the issue before us. There, a tax foreclosure sale took place prepetition, but the deed had not been transferred. The debtor filed for bankruptcy hoping that the automatic stay would block the transfer of the deed and resurrect her ability to redeem the property which had been lost under state law due to the foreclosure. In determining whether the debtor had any equitable or legal rights in the underlying property, the Second Circuit examined New York law. Under New York Real Property Tax Law § 1131, expiration of the redemption period "forever . . . bar[s] and foreclose[s] [ ] all right, title, and interest and equity of redemption and to the parcel in which the person has an interest. . . ." We found no corresponding statute under California's tax sale scheme.

Further, similar to Tracht Gut, all the actions necessary to transfer the property under New York law were completed prepetition - a judgment of foreclosure had been entered and a foreclosure sale conducted. Those events terminated the debtor's right to redeem the property and other interests in the property under New York law.

In In re Theoclis, 213 B.R. 880 (Bankr. D. Mass. 1997), the issues raised were in the context of a motion for stay pending appeal. The bankruptcy court had previously granted a motion for relief from stay filed by the successful bidders at a foreclosure sale who asserted they were the "owners" of the property. In evaluating whether the debtor was entitled to a stay, the court found it unlikely that he would be successful on the merits because under Massachusetts law, where a foreclosure sale is properly conducted, the redemption rights of a mortgagor

-21-

terminate as early as the execution of the memorandum of sale. Therefore, after foreclosure of the debtor's equity of redemption, neither the debtor nor the bankruptcy estate had any interest in the underlying property and the automatic stay was inapplicable to a transfer of title. This case is distinguishable in that it also dealt with the peculiars of Massachusetts foreclosure law.

**D.    The Automatic Stay: § 362(a)(6)**

The bankruptcy court also found that the County's postpetition tax sale violated § 362(a)(6), which stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of [the debtor's bankruptcy case]." The statute plainly stays acts to recover a "claim against the debtor." Under § 102(2), "'claim against the debtor' includes claim against property of the debtor,'" thus bringing the County's tax sale of Debtor's property within the prohibition of § 362(a)(6).

**VI.    CONCLUSION**

For the reasons stated, we AFFIRM.