

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PETER SZANTO,<br><br>     Debtor. | BAP No. OR-22-1001-FBG<br><br>Bk. No. 3:16-bk-33185-PCM |
| PETER SZANTO,<br><br>     Appellant,<br>v.<br>JP MORGAN CHASE BANK; QUALITY<br>LOAN SERVICING CORPORATION,<br>     Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: FARIS, BRAND, and GAN, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Peter Szanto challenges the bankruptcy court's denial of his motion to vacate two foreclosure notices. Mr. Szanto's appeal is frivolous. We AFFIRM.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

# FACTS

Mr. Szanto filed a chapter 11 bankruptcy petition. He scheduled residential real property located in Newport Beach, California ("Property"). The bankruptcy court converted the case to one under chapter 7 and appointed a case trustee.

Three events in the bankruptcy case resolve this appeal.

First, Mr. Szanto and the chapter 7 trustee stipulated to the abandonment of the Property as an asset of the bankruptcy estate.

Second, the bankruptcy court granted appellee JPMorgan Chase Bank, N.A. ("Chase") relief from the automatic stay to allow it to enforce its promissory note and foreclose on the Property.

Third, the bankruptcy court denied Mr. Szanto's discharge.

Appellee Quality Loan Servicing Corporation ("Quality") recorded a notice of default and notice of trustee's sale (the "Notices") of the Property. Mr. Szanto filed a motion in the bankruptcy court seeking to vacate the Notices ("Motion to Vacate"). He contended that Quality was not a creditor and had violated the automatic stay. He also argued that the Notices were defective under state law.

The bankruptcy court denied the Motion to Vacate. It held that the automatic stay had been terminated and that it lacked jurisdiction over Mr. Szanto's state law claims.

Mr. Szanto timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying the Motion to Vacate.

## STANDARD OF REVIEW

We apply the de novo standard of review. *Cnty. of Imperial Treasurer-Tax Collector v. Stadtmueller (In re RW Meridian LLC)*, 564 B.R. 21, 27 (9th Cir. BAP 2017) (holding that "[w]hether an asset is estate property and whether the automatic stay is applicable to a particular situation are conclusions of law reviewed de novo"); *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (holding that de novo review applies to questions of subject matter jurisdiction). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

**A.      The bankruptcy court did not err in denying the Motion to Vacate.**

The bankruptcy court correctly denied the Motion to Vacate. Mr. Szanto does not make any cogent legal argument to the contrary in his appellate brief; therefore, he has waived the issue. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Even if he had properly addressed this issue, we would affirm. The automatic stay only protects property "until such property is no longer

3

property of the estate[.]" § 362(c)(1). The Property was not property of the estate once the chapter 7 trustee abandoned it. Further, Chase had obtained relief from the automatic stay to foreclose on the Property.

The stay of any act other than an act against property ceases when "a discharge is granted or denied[.]" § 362(c)(2)(C). The bankruptcy court had already denied Mr. Szanto's discharge.

Therefore, the automatic stay did not protect either the Property or Mr. Szanto when Quality recorded the Notices.

The bankruptcy court also correctly determined that it lacked jurisdiction over Mr. Szanto's state-law claims.

Bankruptcy courts have subject matter jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The claims to foreclose on the Property and collect the debt are based entirely on state law, so they do not "arise under" the Bankruptcy Code. *See Certain Underwriters at Lloyds, Syndicates 2623/623 v. GACN, Inc. (In re GACN, Inc.)*, 555 B.R. 684, 693 (9th Cir. BAP 2016). Those claims also did not "arise in" Mr. Szanto's bankruptcy case because those claims existed even if he had not filed a bankruptcy case. *See id*.

The bankruptcy court correctly held that the dispute was not "related to" the bankruptcy case because its outcome could not conceivably affect that case. *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) ("Related to" jurisdiction means that "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

4

positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). "Once an asset has been abandoned, it is no longer part of the estate. Because the property is no longer part of the estate, a ruling as to the validity of the lien could have no conceivable effect on the estate. The general test for 'related to' jurisdiction is not satisfied." *Sanger v. Ahn*, 406 F. Supp. 3d 800, 807 (N.D. Cal. 2018), *aff'd sub nom. In re Ahn*, 804 F. App'x 541 (9th Cir. 2020) (cleaned up). A determination of Mr. Szanto's liability for the debt also would not affect the bankruptcy case because the court had already denied Mr. Szanto's discharge in bankruptcy.

## B. Mr. Szanto's other arguments are meritless.

Rather than argue the facts or the law, Mr. Szanto focuses on his perception that the bankruptcy judge and this Panel are biased against him.

We have heard this story before. *Szanto v. Amborn (In re Szanto)*, BAP No. OR-22-1012-BFT, 2022 WL 17178502, at *2 (9th Cir. BAP Nov. 23, 2022). We reject these accusations, and we again caution Mr. Szanto that personal attacks and absurd accusations will not help him and may result in sanctions.

## CONCLUSION

The bankruptcy court did not err in denying the Motion to Vacate. We AFFIRM.